*168 OPINION óf the Court, by
Judge Owsley.
John Wallace and Susannah Pawling, the plaintiffs, and Wil-liaD1 'Barlow, on the 19th of August 1803, executed the following deed of covenant, viz.
u Articles of agreement entered into this lOth'dayof August 1806, between John Wallace, the heirs of Ell-zabeih Gilmore and Susannah Pawling, of the one part, anfi William Barlow of the other part, witnesseth, that the said John Wallace, for himself and the heirs of Elizabeth Gilmore, dec’d. formerly. Elizabeth Wallace, as esecutors for the same, and Susannah Pawling, formerly Susannah Wallace, as heirs and legal representatives of Adam Wallace, dec’d. claims an interest in a warrant, or in land secured by said' warrant, for services performed by said Adam Wallace, under the last will and testament of the same, whereby a warrant was im *169 properly obtained in the name pf Samuel Wallace, heir at law to Adam Wallace, dec’d. ; the parts that the said John Wallace, the heirs of Elizabeth Gilmpre, dec*d,, gjjbcl Susannah Pawling claim .is 666 2-3 acres, out of which the original locator is to be paid, if any benefit is derived from the same ; for which the said John Wallace, for himself and the heirs of Elizabeth Gilmore, as executor for the same, and Susannah Pawling, for herself, doth hereby agree to sell and relinquish theii rights to the said iiar low, or cause the same to be done as soon as fully paid for, and no sooner ; for which consideration the Said William Barlow does hereby agree to pay or caüse to be paid unto the said John Wallace and Su-sannah Pawling the sum of 8 1200, lawful money of Kentucky, payable the 25th day of next December, which may be dtscnargeti at any time before that period with the sum of 1000, two-thirds of said sum payable, to said Wallace, the remaining third to said Pawling,”
¡ng ha,£a¡n a defect of title onlef/fiaocMs charged in ma-the con-
*piea ⅛3|. goes to part of.the confider. badmifljbie— Actord. 1⅜⅝ *°J- i> i°®.
, Iffues on three pleas, two «nnwtenal,and dic^ fo^defei-dants; the ver.-a tepleader awarded, there
Whenever the court can “£°“dthe wh°le ! pleader fhouid nolbea,l'ardid' travit, it ñ ne-' ceffarythat the prove* fendants had received aíTets the°neitare their inteftate.
*169 William Barlow having failed to pay the amount stipulated in the agreement aforesaid on his part, John Wallace and Susannah Pawling prosecuted an the Scott circuit court against the defendants, his administrators, to recover the same ; and in their declaration they allege a readiness to perform their part of the agreement, and charge a failure on the part of William Barlow in his lifetime, or the defendants, his adminis-orators, since, to pay the amount stipulated on the part roí ‘ * of Barlow. , ■ - -
. The defendants pleaded, first, that the consideration for which William Barlow, dec’d. became bound to pay !the money contained in said writing obligatory, was 2000 acres, part of a 4000 acre military land warrant, is'sued in the name of Samuel Wallace, heir at law to Adam Wallace, dec’d. ; that at the time of making said Contract and entering jnto said, writing obligatory, said plaintiffs represented to said YVilliam Baílow, >$hat said warrant of 4000 acres had illegally and by mistake issued in the name of said Samuel Wallace, heir daw to Adam Wallace, dec’d. ; and that said plain-¾ and the heirs and representatives of Elizabeth Gil¡more, dec’d. were, legally entitled tci 666 2-3 acres each, ¡■amounting in the whole to 2000 acres, as coheirs and aresentatives of Adam Wallace, dec’d. ; in we nee of which representations of said plaintiffs, said ' *170 Barlow, dec’d. was induced to execute said writing obif-gatory; and said defendants aver that neither said plaintiffs and the heirs of Elizabeth Gilmore, dec’d. nor either of them, at the time of making said contract and executing said writing, were entitled, as heirs of Adam Wallace, dec’d. or in any' other manner, to 666 2-3 acres each, or any other quantity of said 4000 acre warrant, whereby the consideration for which said sum of money mentioned in said writing obligatory was to have beta paid, hath wholly failed ; and this he is ready (o verify’, &c.
teriil iffue. Whether the the'courTreía-tive to 'be i.-n. material iffues were right or importapt, as therecord (hews ought 'noT'to have had a ver., “li*16 ma'
And for further and second plea, the defendants pleaded, that the consideration for which William Barlow, dec’d. executed said writing obligatory, was 200© acres 0f a acre militarv land warrant, issued in die name of Samuel Wallace, dec d. and that said plaintiffs represented at the time of making said Contract and entering into said writing to said William Barlow, dec’d. that said plaintiffs and the heirs of Elizabeth Gilmore, dec’d. were entitled each to 666 2-3 acres, part of saici land warrant, amounting in the tv hole to 2000 acres, as heirs and representatives of said Adam W allace, dec’d. ⅛ and the plaintiffs further represented that John Wallacei vVas the executor of said Elizabeth Gilmore, and by the will of said Elizabeth was authorised to dispose of hey interest in said warrant, to wit, 666 2-3 acres thereof ; and that said Barlow, dec’d. giving full credit to said representations of said plaintiffs, purchased the interest aforesaid of said plaintiffs and that of Elizabeth Gilmore, dec’d. aforesaid into said land warrant; and-in consideration thereof, and for and on account of no Other consideration, said Barlow executed said writing ; and the defendant avers that said John Wallace, at the time of making said contract and executing said writing, had by the will of said Elizabeth no power or authority to dispose of the interest in said land warrant, nor was he authorised in any other manner to dispose of the interest aforesaid of said Elizabeth Gilmore in said warrant to said Barlow ; and this he is ready to verify, Etc.
And the defendants for further and third plea, pleaded plene administraverunt.
To which several pleas general replications were filed and issues joined thereupon»
*171 Upon the trial of the issues, after the evidence wag ^one through the plaintiffs moved the circuit court to instruct the jury to find for them, because the contract was made without fraud or misrepresentation ; but the court refused. The defendants then moved the court, and they instructed the jury that no right or title to the ■land mentioned in the contract passed from Adam Wallace by his will to the plaintiffs, nor by the will of Elizabeth Gilmore. Exceptions were taken to the opinion of the court, and the evidencemade part of the record.
Verdict and judgment were obtained by the defendants, from which the plaintiffs have prosecuted this appeal, and assigned for error — -
1st. That the issues joined upon the first and second pleas of the defendants are immaterial ; the pleas being no bar to the action, the verdict should have been set aside anda repleader awarded. *
2d. The court below erred in overruling the motioa :of the plaintiffs for the iastructions asked.
3d. The court erred in the instructions given the jury on the motion of the defendants.
By the first assignment of errors two questions are presented for consideration. 1st, Are the issues joined on the first and second pleas immaterial ? And if so, should the verdict have been set aside and a repleader awarded ?
By the stipulations contained in the agreement upon which this action is brought, the plaintiffs and Barlow seem to have considered the plaintiffs’ title doubtful. The plaintiffs were not to warrant the title: they sold their claim only. The plaintiffs’ claim, and not; their covenant for a good title, was the consideration of the covenant by Barlow. It is obvious from the agreement that Barlow purchased the benefit of the plaintiffs’claim only ; that it was a chancing bargain. To an action brought on such a contract, it is evidently inadmissible for the defendants by plea to aver a defect of title in the plaintiffs, unless fraud is charged to have been committed in making the contract. The first plea of the defendant, therefore, we think clearly insufficient to bar the plaintiffs’action ; and the issue joined thereon consequently immaterial. The second plea, we likewise think insufficient. The objection that it goes to a part of the consideration of the obligation upon which the *172 action is brought only, was there no other, must, as ha? frequently heretofore been decided by this cofirt, fee deemed fatal. . The next inquiry is, should the verdict have been set aside and a fcpleader'awarded ? Had there bren no other*pleas than' the two which are considered insufficient, there could be' nri doubt but a re-pleader should have been awarder!; but the verdict.is general for the defendants on the whole of the issues, and there having been a material issue joined upon the plea of plene admmistrav/t, it is conceived the verdict should not be set aside and a repleader awarded : for wherever the court can upon the whole record give judgment, a repleader should not be awarded. Had no other issue been joined in this cause than the material one, judgment might regularlv have been entered upon the verdict erf the jury. There having been other, but immaterial issues joined and tried by the jury, can produce no effect upon the judgment which should have been entered on the finding on the material issue. The court should have disregarded the finding as to those issues which could not affect the merits of the cause, and awarded judgment on the finding as to the good issue. The reason, therefore, which operates in favor of awarding repleaders when the issues are all immaterial, does not apply where there has been a verdict or a material issue : for in such a case enough exists in the record whereupon judgment may be given. _
The next question demanding notice is, whether the court erred in withholding the instructions asked by the plaintiffs? To have authorised the jury,,on the issue to the plea dfplene adm'mistrayit, to have found for the plaintiffs, it was evidently necessary they should have proven the defendants had received assets of the estate of the intestate Barlow. This, however, was not done, and ocnsequently the court decided correctly in refusing to instruct the jury to find for the plaintiffs. Whether the court decided correctly in giving the instructions to the jury on the motion of the defendants, we deem unnecessary to inquire ; because those instructions grew out of, and applied exclusively to the immaterial issues, and could not have had any possible effect on the trial of the material issue. Whether, therefore, the court erred or not in those instructions, the judgment ou that account ought not to be reversed.'
The judgment must be affirmed with ^psts.