HAZARD, Adm'r *versus* PURDOM.

3p  43
135  230

*In this case a question is decided as to the pleading of an immaterial fact; and the effect of taking issue thereon.*

1. Where an immaterial fact is plead in bar to an action, and issue be taken thereon, and the evidence sustains the truth of such plea; it is error for the court to instruct the jury to find for the plaintiff.
2. The court, in such case, is bound, regardless of the materiality of the issue, to instruct, that, if the truth of the plea be established, the jury must find for the defendant.

The action was assumpsit, and was brought to recover a sum of money of Hazard, who was charged in the declaration as the administrator, *de bonis non,* of T. Livingston.    Hazard was shown to have been the successor of Patsey J. Livingston, administratrix, who was the successor of John S. Livingston, the executor of said T. Livingston, the administration having become vacant by the death of said executor, and again by that of said administratrix.

The declaration contained the common money counts; also, the counts for work and labor, done and performed for T. Livingston, in his lifetime ; and different counts charge promises to pay by the testator, in his lifetime, and afterwards by John S. Livingston, his executor.

The pleas were—

First—The statute of limitation, that neither the executor, administrator, nor this defendant promised within six years.

Second—The statute of *non claim,* that the demand was not presented to the defendant within eighteen

months after the grant of administration to him, and within eighteen months after his publication, &c.

Third—That the demand accrued on an *open account,* and was due, if ever, more than three years previous to the commencement of this action.

Following the pleas, the record contained these words: "Replication and issue on the *second pleas.*" Then, that, at a subsequent term, the parties came, when, a jury having been sworn to try the *issue,* they returned a verdict for the plaintiff below, for seven hundred and seventy-four dollars; upon which judgment was rendered.

The bill of exceptions stated, that on the trial of this cause, the plaintiff proved that T. Livingston died in the spring of 1823; that John S. Livingston was his executor, and as such took out letters testamentary in April, 1823; that Martha J. Livingston, after the death of John S. Livingston, on the 21st November, 1835, was appointed administratrix, and that the then defendant was appointed administrator *de bonis non,* on the 22d September, 1827. That he also read in evidence a letter from John S. Livingston, which was admitted to be in his handwriting, the introduction of which having been objected to by the defendant, but admitted by the Court—the letter read as follows:

*Mobile, August 28th,* 1823.

Mr. PURDOM :

Sir—I have this day received your letter of the 28th July, and, in answer, inform you that the money you speak of was received by my brother, in his lifetime. The amount due you appears to be four hundred and thirty-seven dollars and two and a half

cents : that is, population of Madison county return-
ed, seventeen thousand four hundred and eighty-one,
at one dollar and twenty-five cents for every fifty
persons enumerated (the amount allowed,) makes
the above sum.  I was left, by my brother, his ex-
ecutor, and will pay the above amount of four hun-
dred and thirty-seven dollars and two and·a half cents
as soon as possible ; probably shortly.  It will be ne-
cessary for you to send a receipt to some person in
this county, and on presenting it I will try to pay
the money.  The receipt should be as follows, viz :

Received, of John S. Livingston, executor of the
estate of T. Livingston deceased, (the late Marshal of
Alabama,) four hundred and thirty-seven dollars and
two and a half cents, in full, for taking the fourth
census, or enumeration of the inhabitants in Madison
county.

*Sept.* —— , 1823.     Sign.

*Assistant Marshall.*

I am, very respectfully, Sir, your ob't serv't.

JNO. S. LIVINGSTON.

Post-marked, "Mobile, Sept. 5," and addressed to
" Richard B. Purdom, Esq. Huntsville, Alabama."

That the plaintiff further proved that the said John
S. Livingston, as late as April or May, 1824, admit-
ed the indebtedness, and verbally promised to pay.

The defendant proved that he was appointed ad-
ministrator, *de bonis non,* on the 22d day of Septem-
ber, 1827 ; that the decedent, and plaintiff and defen-
dant, were residents and citizens of this State, and
that due notice of his, the defendant's appointment
had been published, in a newspaper printed in the
city of Mobile, requiring all persons to present their

demands within eighteen months, or the same would be barred.

That this was all the evidence offered on either side. The defendant prayed the court to instruct the jury that this demand was an open account, and that unless it was shewn that the promise to pay had been made within three years, next, before the 17th day of February, 1830, (when the action was commenced,) that the plaintiff must fail in his suit; which charge the court refused to give : and charged the jury that, if they believed the promise spoken of by the witness, in April or May, 1824, was made by the said John S. Livingston, he then being executor of the said decedent, that it bound this defendant.

The defendant likewise prayed the court to instruct the jury that it was necessary to shew a presentment of the demand to the defendant, within eighteen months after the grant of administration to him, under the issue as joined; which the Court refused to give, and charged the jury, that if they believed the said John S. Livingston, as executor of the said decedent, had promised to pay the said demand, at any time within six years before the commencement of this action, that it was sufficient to charge the defendant. To these refusals and charges the defendant excepted.

It was insisted that the Court erred—

1. In admitting as evidence the promise of John S. Livingston, the executor.

2. In refusing instructions that this action was on an *open account*, and, consequntly barred by the statute of limitations of three years.

3. In refusing to instruct, that, if the demand was nol presented to the defendant, within eighteen

months after administration granted to him, it was barred.

Mr. *Goldthwaite,* for plaintiff in error ; and *Mr. Hopkins* and *Mr. Hale,* for defendant.

SAFFOLD, C. J.—In the disposition of this case, it will be sufficient, to notice only the third assignment of error.

According to *my view of the record, issue was tendered, and taken, on the fact alleged, as a defence, that, according to the statute of non-claim, this demand was not presented to this defendant, within eighteen months after administration granted to him, or after his publication to creditors, to present their claims.

The law appears to be settled, that this statute, being intended to expedite the settlement of estates, and protect the heirs and distributees, as well as the executor or administrator—the latter is incompetent, to waive the requisition : also, that he can not deny, to those interested in the early, safe and economical adjustment of the claims against it, the benefit of this protection.[a]

[a]15Mass.R 6, and authorities.

These principles, I believe, were rather conceded, than contested, by the counsel for the defendant in error. They, however, insist, that this issue was a nullity ; that, the creditor was not required, by the statute, to present the claim to the administrator *de bonis non*—that it was sufficient to have presented it to the executor, in his life-time; and this must be presumed to have been done, from the failure of the party, to plead this matter, in bar of the action, and from the executor's letter, admitting the receipt of the

money, and promising to pay it.    But, in the pre-
sent situation of the case, is not the position warrant-
ed, that the question, whether a presentment to the
administrator *de bonis non,* was necessary or not, is
not presented, or open to consideration?    Issue hav-
ing been taken on the fact, in the court below, it im-
plied an admission by the plaintiff, that it was neces-
sary to sustain the action.

Can the principle be conceded, that if issue be-
taken between the parties, on an immaterial fact plead-
ed as a bar to the action, (supposing this to have been
such,) and from the evidence, the plea appear to be
true, the court is authorised to instruct the jury, ne-
vertheless, to find for the plaintiff?    I hold the con-
trary : that, if immaterial, the plaintiff may resist it
by demurrer, or motion to strike out, (according to its
peculiar nature :) or, perhaps, *though* unusual in our
practice, he might, as suggested, in the case of *Simon-*
*ton* vs. *Winter & Bowman,*[a] have treated the plea, as a
nullity ; and, instead of replying to it, proceeded, as
though it had not been in.

But, can it be reasonably inferred, from the state
of the record, and the practice in our Courts, that this
was the view taken of it, either by the plaintiff or the
Court below ?    In the precise language of the tran-
script, after the *three* pleas had been filed, the parties
take issue, *in short,* by the words *replication* and *is-*
*sue,* on the " second pleas," signed by the plaintiff's
attorney.

It also reads, that afterwards a jury was sworn to
try the *issue.*    Yet it must be observed, that the first
plea was the general statute of limitations, that no
promise had been made by the testator, or either of

[a] 5 Peters, 148

HAZARD, adm'r *vs.* PURDOM.

his representatives, within six years before suit commenced.

On this it was necessary to take issue, and it was treated by the Court and parties, as if done; indeed, this plea appears to have attracted the principal attention of the Court. When requested to charge, first on the *second*, and afterwards on the third pleas, the Judge, by way of response to each, charged in reference alone to the first, that a promise by the executor, at any time within six years before the commencement of this suit, bound the administrator *de bonis non*, and entitled the plaintiff to recover.

If the third plea was disregarded, the second, which alone was mentioned in the replication, (according to the transcript, which, in this, I suppose to be incorrect,) was equally so. The record does not shew that any objection was urged against the validity of either of these pleas, except that the promise of the executor, within *six years*, satisfied all objections. I proceed on the supposition, that the words *second pleas*, in the replication, were intended for *several pleas*, and is probably so in the original.

In this, or any other, view of the case, there was error in refusing to charge the jury, on request, that, if the evidence established the truth of the second or third pleas, they must find the issue taken thereon, in favor of the defendant.

Such is believed to be the correct rule of practice regardless of the materiality of the issue: it must be found according to the facts in evidence. What would be the effect of such a finding, is a differ-

3 v. P.                    7

ent question; one which is not presented by this record, and therefore will not be examined on this occasion.

The judgment is reversed, and the cause remanded.

HITCHCOCK, J. not sitting in this cause.