Alabama
 2    359
139   401

### TOULMIN v. LESESNE & EDMONDSON.

1. A sheriff who levies an attachment, or writ of execution, should, in a reasonable time thereafter, endorse on the process a *memorandum* of the propert y seized, or where it consists of so many different articles, that they cannot be thus conve. niently endorsed, then he should make out an inventory, and file it with the pro. .cess.

2. *Semble*, under some circumstances, an appellate Court will reverse on error, for a charge to the jury, which, though correct in the abstract, is calculated to mislead them.

3: A Court will so mould and construe a verdict, as to make it legal, if possible and will never give to it the opposite construction, unless forced by the terms in which it is expressed.

4. A verdict is not vitiated, because the jury find something superfluous.

5. Though a verdict need not follow the language of the issue, yet it must be responsive to it, and so expressed, as to shew, that the jury decided the question submitted to them.

6. Where the defendant was charged in an action of *Trover*, with the conversion of personal property, and the cause being submitted to the jury, on the plea of " not guilty," they returned a verdict, " that the defendant doth detain," &c. the property mentioned in the declaration, and assessed its value. *Held*, that this verdict is insufficient, and that it is not conclusive of *the point in issue*.

THIS cause comes here by writ of error, from the Circuit Court of Mobile.

The defendants in error, declared against the plaintiff in *Trover*, for the *conversion* " of one hundred and thirty pieces of ·cotton bagging of great value, to wit : of the value of fifty dollars each."

The case was tried on the *general issue.* On the trial a bill of exceptions was taken by the plaintiff in error, to the ruling of the presiding Judge. This bill of exceptions is very imperfect in the statement of facts; yet, we learn, that Noah Harrington, of New Orleans, shipped to Mobile, two hundred and fifty pieces of cotton bagging, to be delivered to Messrs. Lesesne & Edmondson, or their order; that, upon the faith of the shipment, he drew on them a bill, which they negotiated and paid. Messrs. L. & E. received fifty pices of the bagging, and would have received all of it, had it not been for the expense of drayage; to save which, they allowed it to remain in the store of Geo. Harrington, of Mobile. While there deposited, it was testified by a witness who had charge of the store, that it would at any time have been delivered to the order of Messrs. L. & E. It was admitted by the plaintiffs below, that seventy of the two hundred pieces of bagging were sold, while under their control, at thirty-one cents *per yard.*

It is inferable, from the bill of exceptions, that the plaintiff in error, was sheriff of Mobile County; and it is stated that, while the bagging remained in the store of Harrington, it was levied on by a deputy sheriff, who, on his examination said, " That he locked the store in which the goods were situated—that no person was specially in charge—that he visited the store every day or two, and saw no appearance of any interrruption of the goods. That in forty or fifty days after the levy was made, he made an inventory, and that there was but ninety-two pieces. That he measured them before the sale, and found —— yards."

The Court charged the jury, " That the defendant was not liable for a larger number of pieces of bagging than he took from the plaintiffs; but, *if any were lost by the carelessness or negligence of the defendant,* he would be liable for them."

Upon this charge the jury retired, and coming in for additional instructions, asked the Court, if the sheriff was bound in any stated time, to make an inventory.

" The Court instructed the jury, that the sheriff must make all due diligence in making an inventory of the goods levied on; for if, in consequence of his failing to do so, loss ensued, he would be liable."

Toulmin v. Lesesne & Edmondson.

The Court rendered judgment upon a verdict against the defendant below, the entry of which, is in these words: " The plaintiffs and defendant, by their attorneys, came, and also came a jury, to wit : (here are set out the names of the jurors) who, being elected, tried, and sworn, to try the issue joined, upon their oaths do say : we, the jury, find, that the defendant doth detain one hundred and thirty pieces of cotton bagging, named in the plaintiffs' declaration, and assess the value of the same at two thousand, seven hundred and eighty-six and ninety-five one hundredths dollars.

It is therefore considered by the Court, that the plaintiffs do recover of the said defendant, the aforesaid one hundred and thirty pieces of cotton bagging by the jury so found for the plaintiffs; or if the same cannot be had then, that the plaintiffs recover of the defendant, the value of said cotton bagging, to wit : the sum of two thousand seven hundred and eighty-six and ninety-five one hundredths dollars, together with the costs about this suit in this behalf expended."

It is here assigned for error—

1st. That the Circuit Court erred in the instructions to the jury, as stated in the bill of exceptions.

2nd. That the verdict and judgment do not conform to the declaration and issue submitted to the jury.

CAMPBELL, for the plaintiff in error.
STEWART, for the defendant.

COLLIER, C. J.—1. When a sheriff levies an attachment, or writ of execution, it is certainly his duty, in a reasonable time thereafter, to indorse on the process a *memorandum* of the property seized, or if the property levied on, consists of so many different articles, that they cannot be conveniently indorsed, then he should make out an inventory, and file it with the process.   If, from the inattention of a sheriff to his duty in this respect, a loss should result, either to a plaintiff or defendant, he would be liable in damages; and if after a levy, he keeps the property so carelessly, that it is either lost or injured, he becomes liable to the action of any person aggrieved.   The correctness of these conclusions is not controverted ; but it is

28

argued for the plaintiff that, as the defendants could not have been prejudiced, by the failure of the sheriff to make an inventory of the cotton bagging immediately upon his levy, the instruction of the Court that, "if in consequence of his failing to do so, loss ensued, he would be liable," was well calculated to mislead the jury.

If the defendants in error, were not parties to the process, in virtue of which the cotton bagging was levied on, (and we infer they were not,) it is difficult to conceive, how they could have been injured by the neglect of the sheriff to make an inventory; for, if entitled to recover, the sheriff's return would not be conclusive against them. And it would be competent for them to shew, by evidence *aliunde*, the number of pieces of the cotton bagging; and the evidence of the deputy making the levy, of the number ascertained upon an examination, made some forty or fifty days subsequent thereto, would be less satisfactory, especially if they were accessible to any one else in the *interim*. If the Court had extended the second charge farther, and informed the jury, that no loss could have been sustained by the defendants, in consequence of the sheriff's neglect, it would have been entirely unobjectionable; but without such an explanation, the inquiry made by the jury, clearly shews that they may have been misled.

The last charge then, given to the jury, as a legal proposition, is correct in the abstract; but was inapplicable to the case before the Court, and may to an undue extent, have influenced their verdict. The question arises, is such an instruction objectionable on error? The Judge did not mistake the law; but after having stated it correctly, left it to the jury to make the application. Of his own motion, he should have given to them such further explanation, as was calculated to prevent a misapplication; but it has been questioned, whether an omission to do this, is a sufficient ground for the reversal of the judgment. It is said that, where there is any thing ambiguous in the charge of a Court, calculated to mislead the jury, the attention of the Court should be specifically called to it at the time, or it cannot be alledged as error. [3 Phil. Ev. Cow. & H's notes, 790, and cases cited.] But in Cothran v. Moore, 1 Ala. Rep. N. S. 423, it is said that "instructions to a jury

should be direct and certain; when they are argumentative and evasive, the judgment will be reversed, if they are of a character calculated to mislead the jury." But we need not consider this question further, as the judgment of the Circuit Court is more strikingly objectionable upon another ground.

2. The declaration charged the defendant below, with the *conversion* of one hundred and thirty pieces of cotton bagging —the plea denied the allegation; so that the inquiry for the jury was, is the defendant guilty of that charge? To this issue, the jury responded " that the defendant doth detain one hundred and thirty pieces of cotton bagging, named in the plaintiff's declaration, and assess the value of the same at," &c. The question arises, is this verdict responsive to the issue, and does it conclude the matter litigated between the parties.

Courts will always so mould and construe a verdict, as to make it legal if possible; and will never give to it the opposite construction, unless forced by the terms in which it is expressed. [Fisher v. Kean, 1 Watts' Rep. 261.] In McMurray v. O'Neal, 1 Call's Rep. 216, the action was ejectment; and the jury found " for the plaintiff one cent damages." It was held, that the Court might extend the verdict, and make it read " We, of the jury, find for the plaintiff the lands in the declaration mentioned, and one cent damages." The extension was considered allowable, upon the ground, that it was agreed that the clerk might amend form; but "independent of that," the Court say, it was a general verdict for the plaintiff, in a form very commonly used, which the clerk, in his order-book, was to reduce into form according to the issue. This decision was influenced by the agreement of the parties, and the practice in Virginia, and consequently cannot be regarded as an authority here.

A verdict is not vitiated by finding something superfluous. [8 Serg. & Rawles' Rep. 441.] It is said to be not only allowable, but sometimes important to the ends of justice, that the jury should, besides finding the issue, state the ground on which they decided. [1 Peter's C. C. Rep. 72.] And if the jury find all that the party, in whose favor their verdict is returned, is entitled to, and nothing more, neither party can complain of the statement of the reasons, by which they have attained a

conclusion. [Fisher v. Kean, 1 Watts' Rep. 261.] It is true, as we have already seen, that a mere formal defect in the verdict is immaterial. It is not necessary that it should follow the precise language of the issue ; but it must be responsive to it, and so expressed as to show that the jury decided the question submitted to them—uncertainty on this point is fatal. [Coffin v. Jones, 11 Pick. Rep. 48 ; Gregory v. Jackson, 6 Munf. Rep. 25 ; Richards v. Tabb, 4 Calls. Rep. 522.

In Coffin v. Jones, which appears to have been an action of debt on an administration bond, the defendant pleaded—1. *Non est factum.* 2. *Solvit ad diem.* 3. *Solvit post diem.* Issues were joined on all these pleas, and the jury found, " that the defendant is not indebted to the plaintiff in manner and form as alledged in the writ and declaration." In considering the sufficiency of the verdict, the Court thought, that it did not appear that the jury were agreed as to any one of the issues; for they might have been divided in opinion as to each, and yet have agreed in the verdict returned. Some of the jury for instance, might have been of opinion, that the bond had not been executed by the defendant, or that it had been improperly altered, but that no payment had been made ; while others might be satisfied with the evidence of the execution of the deed, and also of the payment. If the jury were thus divided in opinion, they could not agree on either of the issues, yet they would all agree that the defendant was not indebted. The issues were not found directly, nor by necessary implication ; and as it could not be ascertained by the terms of the verdict, that the jury was agreed as to any of the issues, the verdict was held to be substantially defective and uncertain. [See also Triplet v. Micon, 1 Rand. Rep. 269 ; Holman v. Kingsbury, 6 N. Hamp. Rep. 104.]

Again—A verdict must be according to the issue and evidence, without respect to the legal sufficiency of the pleadings. French v. Thompson, 5 Vermont Rep. 54—must conclude all the material facts put in issue. [Smith v. Raymond, 1 Day's Rep. 189.]—and must comprehend the whole matter submitted to the jury. [Miller v. Trets, 1 Ld. Raym. Rep. 324.] And if it varies from the issue in a substantial point, or if it find only a part of that which is in issue, it will not be sustain-

ed.  [Patterson v. The United States, 2 Wheat Rep. 221; Garrish v. Train, 3 Pick. Rep. 124.

In Jewett v. Davis, 6 N. Hamp. Rep. 518, the rule in regard to the sufficiency of the verdict is laid down thus: if the point on which the verdict is given, be so uncertain, that it cannot be clearly ascertained whether the jury meant to find the issue or not, it cannot be helped by intendment.

In Moody v. Keenar, 7 Porter's Rep. 218, the defendant in error declared against the plaintiff, in an action on the case, for negligence in the performance of the duties of a post master; in consequence of which, a letter received at the office of which he had charge (covering one thousand and seventy-five dollars,) with its inclosure, was lost.  The case was tried on the *general issue;* and the jury returned a verdict affirming " that the defendant did undertake and assume upon himself in manner and form, as the plaintiff hath complained; and they assess the plaintiff's damages by occasion of the defendant's non-performance of the said undertaking, and assumptions to one thousand and seventy-five dollars."  The Court held, that the verdict should not be construed strictly; but should be viewed with the utmost favour, and cite with approbation, the rule as laid down by Hobart, viz : " That though the verdict may not conclude formally and punctually in the *words of the issue,* yet if *the point in issue* can be concluded out of the finding, the Court shall work the verdict into form, and make it serve."  After a review of some of the leading authorities on the subject, the Court concluded that the facts found, were substantially variant from those which were in issue, and did not conclude the point in controversy, which was the defendant's negligence.

In the case at bar, the question submitted to the jury was, did the defendant below convert to his own use, as in the declaration alledged, one hundred and thirty pieces of cotton bagging (or any part thereof) the property of the plaintiffs.  Instead of responding to this issue, the jury have merely said, " that the defendant doth detain," &c.  Now it may be true, that the defendant detained the cotton bagging, without being liable to an action for its conversion.  There is nothing in the declaration from which we can infer, that the detention was

tortious, so as to amount to a conversion—possession may have been acquired by a bailment, or in some other manner so as to make its retention perfectly legal.

It cannot be maintained that, by finding the value of the cotton bagging, the jury have impliedly affirmed the illegality of the detention. In Moody v. Keenar, the jury found *that the defendant undertook and assumed, &c. and by reason of the non-performance of his undertaking, &c. they assessed the plaintiff's damages at, &c.* Here the jury ascertained the amount of damages, and to whom they were due; but in the case before us, the jury find the fact of detention, and the value of the property, but do not declare from whom it is detained. If in that case the verdict was insufficient to shew that the defendant was guilty of negligence, it must be much less sufficient in the present case, as it merely asserts a fact, which, unconnected with others, would not give a right of recovery.

If the action had been *detinue*, and tried upon the plea of *non detinet*, a finding by the jury that the defendant did *detain*, would be sufficient to shew that the detention was unlawful; but in *trover* the gist of the action is the *wrongful conversion;* and where that is denied by the pleading, to entitle the plaintiff to a judgment, it must be expressly or impliedly affirmed by the verdict.

For the defectiveness of the verdict in not responding to the issue, the judgment is reversed, and the cause remanded, that a *venire facias de novo* may be awarded.