The State, on the Relation of Bird, *v.* Hood and Another.

In debt there were two issues in fact, one was immaterial, the other was valid·
and on a plea in bar of the whole cause of action. Verdict for the defend-
ant. *Held*, that the immateriality of one of the issues was no cause for
setting aside the verdict.

An executor's bond was conditioned, that if *A.* should well, &c., perform his
duties, &c., as executor of *B.*, deceased, then the bond to be void, &c.
*Held*, that the surety in the bond was not liable for any previous acts of the
executor.

APPEAL from the *Huntington* Circuit Court.

Sullivan, J.—Debt by the plaintiff against the defendants
on the bond of an executrix suggesting a devastavit. The
defendants pleaded three pleas. The first was *plene adminis-
travit*, and the second was that the bond was delivered by
the defendants to one *Williamson Wright* as an escrow. The
plaintiff replied to those pleas, and the issues were tried by a
jury. Verdict and judgment for the defendants. The third
plea was demurred to by the plaintiff and the demurrer sus-
tained. No question therefore arises on that plea, and it is

not necessary to notice it. After the return of the verdict, the plaintiff moved to set it aside and award a repleader on account of the immateriality of the issues, which motion the Court overruled. A motion to enter a judgment *non obstante veredicto* was also overruled.

The Court did not err in overruling the motions of the plaintiff. If it be admitted that the issue on the first plea was immaterial, the second plea, which was in bar of the whole action, was good. The evidence is not spread upon the record, and it may have been upon the latter issue that the verdict was found for the defendants.

Upon the trial of the cause, the plaintiff moved the Court to give the following instruction to the jury, which was refused, viz., That if it be proved that *Britton* the first surety on the bond of the executrix was exonerated, and *Ewing* signed a new bond as her surety, he, *Ewing*, became liable on the new bond for all previous acts done by her as such executrix. There is no evidence upon the record, either in the condition of the bond or otherwise, to show us under what circumstances the bond was given. The inquiry suggested by the instruction asked is, whether *Ewing*, the surety, is liable for all acts done by Mrs. *Hood*, the executrix, previously to his signing the bond, or whether his liability commences at that time. We have a statute which authorizes the surety of an executor, administrator, or guardian, if he wishes to discharge himself from liability, to go before the Court by whom his bond had been approved, and make application to be discharged; and the Court to whom the application is made, may require the principal to execute a further bond *for the performance of the condition of the former bond*, with such additional security as may be approved, &c. R. S. 1838, pp. 423, 4. The condition of the bond on which this suit is brought is as follows, viz., "The condition of the above obligation is, that if the said *Sophia C. Hood* shall well and truly and faithfully perform the duties and trusts committed to her as executrix of the estate of *William N. Hood*, late of *Miami* county, deceased, then said bond to be void, otherwise to remain absolute." The law is settled, that a surety cannot be made liable beyond his undertaking. Here the undertaking of the surety was altogether prospective. It had

no reference to the past acts of the executrix, if there were any such acts. If there had been proceedings under the statute above recited, and the condition of the bond had been according to the statute, there would have been more appropriateness in the instruction asked; but as there is no undertaking by the surety in respect to the past acts of the executrix, the Court did right to refuse the instruction.

*Per Curiam.*—The judgment is affirmed at the costs of the relator.

*H. Cooper*, for the appellant.

*R. Brackenridge*, for the appellees.