## CHAMBERS vs. WALKER ET AL.

[ASSUMPSIT—JUDGMENT ENTRY.]

1. *When no plea is filed, court will presume that cause was tried on general issue.*
Where a cause is tried in the court below, the foundation of the action being a promissory note, and it is not shown by the record, that any plea was filed, the appellate court will presume the cause was tried on the general issue.

2. *Verdict of jury; what regarded as superfluous.*—There is no difference in legal effect, between a verdict assessing the plaintiff's damages at a given number of dollars, "in gold," and a verdict, which assesses his damages at a given number of dollars, without the words "in gold," and if these words are inserted in a verdict, they are superfluous, and in making up the judgment entry, need not be regarded.

3. *Judgment; satisfaction of.*—Where there is a judgment entry, that the plaintiff.recover of the defendant the amount assessed by the jury, *in money*, the plaintiff has a right to satisfaction of the judgment, in whatever currency may be a legal tender; and the defendant has the right to satisfy the judgment by a payment in like currency.

APPEAL from the Circuit Court of Perry.
Tried before the Hon. JOHN MOORE.

THE facts of this case are sufficiently stated in the opinion of the court.

RICE, SEMPLE & GOLDTHWAITE, for appellant.

JUDGE, J.—The foundation of the action in the present case is a promissory note, which is declared on in the usual form. It is not shown by the record that any plea was filed by the defendants, and we must presume that the cause was tried on the general issue.

The bill of exceptions recites that the jury rendered a verdict in these words: "We, the jury, find for the plaintiff, and assess the damages at $718 19, in gold." We are further informed by the bill of exceptions, that after the verdict had been rendered, the clerk entered upon the

minutes of the court a judgment, in accordance with the verdict of the jury, "that the plaintiff have and recover of the said defendants the said sum of seven hundred and eighteen dollars and nineteen cents in gold;" that thereafter, "the court, upon the motion of the defendant's attorney, and without notice to the plaintiff or his attorney, and without the knowledge or consent of plaintiff, ordered and directed the clerk to strike out, and that he did strike out, of the minute entry of the judgment, the words "*in gold*," to which action of the court, the plaintiff excepted.

A verdict must always be responsive to the issue, and so expressed as to show that the jury decided the question submitted to them; and "courts will always so mould and construe a verdict as to make it legal, if possible, and will never give to it the opposite construction, unless forced by the terms in which it is expressed."--*Toulmin v. Lesesne & Edmonson*, 2 Ala. 359, and cases there cited. See, also, the case of *Moody v. Keener*, 7 Port. 218, in which is cited with approbation this rule : "That though the verdict may not conclude formally and punctually in the *words of the issue*, yet, if *the point in issue* can be concluded out of the finding, the court shall work the verdict into form, and make it serve."—(Hobart, 54.)

Now, the verdict, in the present case, was responsive to the issue, and conclusive of the whole of that which was involved in it; and the addition of the words "*in gold*" to the number of dollars assessed as the damages of the plaintiff, was matter merely superfluous, and did not affect the validity of the verdict.—(*Cavene v. McMichael*, 8 Serg. & Raw. 441.)

The words "in gold" were superfluous, because there is no difference, in legal effect, between a verdict assessing the plaintiff's damages at a given number of dollars, in gold, and a verdict assessing the plaintiff's damages at a given number of dollars, without the addition of the words "in gold." In either case, the proper judgment entry could only be that the plaintiff recover the amount assessed *in money*, and he would have the right to a satisfaction of the judgment in whatever currency might be a legal tender; and the defendant would have

the right to satisfy the judgment by a payment in like currency.

We can not consider the question as to whether the plaintiff's damages, having been assessed in gold, were, for that reason, assessed at a smaller amount than they would otherwise have been. No question was raised in the court below, as to the proper rule of damages in the case, and the correctness of the amount of the verdict can not be enquired into on appeal.—(*McKenzie & Currie v. McCall*, 5 Ala. 516; *Moore v. Bradford*, 3 Ala. 550.)

There was no error in the ruling of the court below excepted to, and the judgment is consequently affirmed.