# CASES

## IN THE

# SUPREME COURT OF ALABAMA.

## DECEMBER TERM, 1876.

## Mudge *v.* Treat.

### Action against Partners.

1. *Partnership; liability of members of, for debts of.*—When the existence of a partnership, and the fact that it contracted a debt, are shown, the partnership and its members remain liable to suit as though the partnership continued.

2. *Same; plea of dissolution of, when court may regard as valid defense.* In such a case, a plea that the partnership was dissolved before suit, will be bad on demurrer, or stricken from the files, as presenting an immaterial issue; but if the plaintiff treats the plea as presenting a good defense, by taking issue on it, the court commits no reversible error in so regarding it, and instructing the jury accordingly, if there be evidence sustaining the plea.

3. *Repleader; when granted.*—A repleader is granted only in advancement of justice, and under our system of pleading should not be granted, after a general verdict on all the issues, because one was immaterial, unless it affirmatively appears that the verdict is based on the immaterial issue only, and affects substantial injustice.

4. *Rulings of lower court; presumptions as to.*—All presumptions not repelled by the record must be indulged in support of the rulings of the primary court, and the appellate court will not interfere with the refusal of the lower court to set aside a general verdict and award a repleader, when issue was joined on material as well as immaterial issues, and nothing appears in the bill of exceptions to show that the verdict could not be sustained on the material issues.

APPEAL from City Court of Mobile.
Tried before Hon. O. J. SEMMES.
The opinion states the facts.

STEWART & PILLANS, for appellant.—The special plea presented an immaterial issue, and the charge of the court

| 57 | 1 |
| 93 | 153 |
| 57 | 1 |
| 95 | 234 |
| 95 | 537 |
| 57 | 1 |
| 97 | 161 |
| 97 | 307 |
| 97 | 580 |
| 57 | 1 |
| 100 | 506 |
| 57 | 1 |
| 103 | 169 |
| 104 | 545 |
| 57 | 1 |
| 124 | 335 |
| 57 | 1 |
| 135 | 230 |

[Mudge v. Treat.]

on it worked manifest injustice to the plaintiff, by compelling the jury to find for the defendant generally, if they found the immaterial issue in his favor. This was clearly a case for a repleader. The evidence set out in the record disproved all the matters asserted by the good pleas, and the verdict of the jury must necessarily be referred to the only plea which the evidence sustained, the bad one.

P. HAMILTON, *contra.*—The immateriality of the plea was not raised in the court below; the plaintiff elected to treat it as presenting a good defense, and it is too late to raise its materiality now. The court was bound to admit evidence to sustain the plea, as it was not .demurred to, and if the evidence sustained the plea, was bound to instruct the jury as it did. Granting or refusing a repleader is a matter resting in the discretion of the primary court, to be granted or refused as the justice of the case may require; and this court has no means of passing on the question whether substantial justice has been done or not. Besides, there were other issues which the jury passed on, and it is not shown that there was no evidence to sustain them; and this court must indulge all presumptions not repelled by the record to support the ruling of the court below.

BRICKELL, C. J.—The complaint is against the appellee and B. Newhouse, as partners under the firm name of B. Newhouse & Co., and contains two counts—the first on an account for goods sold and delivered, the second on an account stated. Process was not served on B. Newhouse, and as to him a discontinuance was entered. The appellee appeared, and pleaded in short by consent, six pleas, among which is the general issue, payment, and set-off; and a seventh plea, drawn out in full, averring that the appellee and B. Newhouse were not partners at the time the suit was commenced. Issue being taken on all these pleas, on the trial, the appellant introduced evidence tending to prove the correctness of the account, and that payments had been made on it by the appellee, and the existence of the partnership alleged. The appellee introduced evidence tending to show that in 1857 there were two persons of the name of Benjamin Newhouse: the one Benjamin, simply, and the other Benjamin F.; that until the death of Benjamin, in 1859, he and the appellee were partners, under the firm name of B. Newhouse & Co. After his death, and in 1861, when this account was contracted with .appellant, the appellee and Benjamin F.

were partners under the firm name of B. Newhouse & Co., and this change in the membership of the firm was known to the appellant, who had dealt with both firms. The averment of the complaint, which was filed on the 27th day of May, 1872, is, that B. Newhouse and appellee were partners under the firm name of B. Newhouse & Co. The court having charged the jury generally, and upon the statute of limitations, which was pleaded in short, also charged that if appellee and B. Newhouse were not partners when the suit was commenced, the verdict should be for the appellee. An exception was reserved to this charge. The jury having returned a general verdict for the appellee, the appellant moved to set it aside, and for a repleader, on the following grounds: Because, the special plea presented an immaterial issue; because, under the instructions of the court, the verdict may have been rendered on that issue; because, the instructions of the court on that issue were erroneous; because, it cannot be ascertained from the verdict on what issue it was rendered; because, a general verdict was found on issues raised by both good and bad pleas. The motion was denied, and an exception taken.

1. The suit not being founded on a written instrument, the general issue, which, under the statute, is a denial of the cause of action, (R. C. § 2639), cast on the plaintiff the burthen of proving the existence of the partnership alleged in the complaint. Proof of a separate, individual liability of the appellee, or of a joint liability variant from that alleged, would not support the complaint.—*Findlay v. Stevenson*, 3 Stew. 48; *Fowlkes & Co. v. Baldwin, Kent & Co.*, 2 Ala. 705. The existence of the partnership, and the fact that the account was created by it, being shown, a subsequent dissolution, or termination of the partnership, before suit, does not change or affect the liability. The partnership, or any of its members, are subject to suit as if it continued in existence. The special plea therefore presented an immaterial issue, and a demurrer to it would have been sustained, or, on motion, it would have been stricken out as frivolous. The omission of the initial of the middle name of the partner, Newhouse, was not a misdescription of the partnership, nor a misnomer, which would have supported a plea in abatement.—*Edmundson v. State*, 17 Ala. 179; *Franklin v. Tallmage*, 5 Johns. 84; *Coster, Robinson & Co. v. Thomason*, 19 Ala. 717; *Chandler v. Hudson*, 8 Ala. 366; *Cantley v. Hopkins*, 5 St. & Port. 58; *Caldwell v. Br. Bank Mobile*, 11 Ala. 549.

[Mudge v. Treat.]

The appellant did not demur to, or move to strike out the plea. It was accepted as presenting a material issue of fact, to be submitted to the jury. The jury were empanneled and sworn to try this, as well as the other issues of fact, which had been formed. The inquiry is, could the court refuse to instruct the jury in reference to this issue; or, rather, does the court err in treating the issue as material, and instructing the jury, if they find the fact as averred in the plea—that the plea is what it purports to be—what the plaintiff has on the record by joining an issue of fact on it acknowledged it to be—a bar, precluding the plaintiff from maintaining the suit? A very similar question was presented in *Hazard, adm'r, v. Purdom*, 3 Port. 43, which was an action against an administrator *de bonis non*, founded on promises made by a testator, and renewed after his death by his executor. Several pleas were pleaded, and among others, that the claim had not been presented to the defendant within eighteen months after the grant to him of administration, not negativing such presentment to the executor, his predecessor in the administration. Without such negative averment, the plea certainly presented an immaterial issue, for a presentment to the first personal representative was sufficient. Issue was taken on the plea, and due presentment to the executor was shown, but no presentment to the administrator *de bonis non*. The court was requested to instruct the jury, that if presentment had not been made to the administrator *de bonis non*, within eighteen months after the grant to him of administration, *under the issue as joined*, the claim was barred. The instruction was refused, and this court declining to consider any other assignment of error than that questioning the correctness of the refusal, held it erroneous, and reversed the judgment. It was insisted the plea was a nullity; that presentment having been made to the executor, presentment to a succeeding representative was not material. The court say in answer: "But, in the present situation of the case, is not the position warranted, that the question, whether a presentment to the administrator *de bonis non* was necessary or not, is not presented or open to consideration? Issue having been taken on the fact, in the court below, it implied an admission by the plaintiff that it was necessary to sustain the action." Without regard to the materiality of the issue, it is affirmed the correct practice to instruct the jury to find according to the evidence, leaving the effect of the finding to be determined subsequently. The correctness of this decision has never been questioned, and so far as we

[Mudge v. Treat.]

are informed, the practice has conformed to it. The verdict must be responsive to the issues, and as a general rule would be void if confined to a part of them only.—*Traun v. Wittick,* 27 Ala. 570; *Chambers v. Walker,* 42 Ala. 445; *Moody v. Keener,* 7 Port. 218; *Toulmin v. Lesesne,* 2 Ala. 359. Passing on the case as the appellant presented it, and as the City Court was bound to pass on it, we are not able to declare the instructions given the jury erroneous. If the City Court had refused to give them, it would have been in error, unless we depart from *Hazard v. Purdom, supra,* which we are unwilling to do.

The immateriality of this issue was not ground for setting aside the verdict, which was general, on all the issues, the others being material. There is nothing appearing of record to indicate that the verdict was not supported by the evidence on the material issues.—*State v. Hood,* 7 Blackf. 127; *Wallace v. Barlow,* 3 Bibb, 168.

3. The remaining question is, should a repleader have been awarded? If the bill of exceptions set out all the evidence which was before the jury, we would not hesitate to declare that a proper case for a repleader was presented, and the City Court erred in not awarding it. All presumptions not repelled by the record must be made to support the judgments of the primary court, is the rule of practice controlling this court. It may be, that there was evidence before the jury supporting the issue of payment, of accord and satisfaction, or of the statute of limitations of three years, or of set-off. The bill of exceptions does not negative the introduction of such evidence. If there was such evidence sufficient to support the verdict of the jury, a repleader should not have been awarded. A repleader is awarded, "when issue is joined on an immaterial point, or such a point as after trial thereof the court cannot give judgment, as being impertinent or uncertain, and not determining the right, the court regularly awards a repleader, or gives judgment *quod partes replacitent."*—7 Bacon Ab. 657. " *Note* the materiality of these words, *'not determining the right;'* for if the court see that by the verdict, as found, substantial justice hath been done, or if they see that the party's case itself cannot be amended, or would be at all *material,* if put in any shape whatever, in neither of these cases shall there be a repleader. For in no case will a repleader be awarded, but where complete justice may be answered."—*Ib.* A defendant under the system of pleading now prevailing, can plead as many several pleas as he may think proper. The

[Irwin v. Mayor, &c. of Mobile.]

only limitation on the right is, that each plea must present a substantial defense. Inconsistency between the several pleas and the defenses presented, is not material. A denial of the cause of action, merely negative, can properly be coupled with the affirmative plea of payment. When negative and affirmative pleas are thus coupled, presenting issues of fact which must be submitted to a jury, if some are material, and some immaterial, an appellate court cannot say the issue joined "is uncertain, or impertinent, not determining the right," unless the bill of exceptions sets out all the evidence, and it is fair and reasonable to affirm that the jury could have rendered a verdict only on an immaterial plea. Without disrespect to the primary court, and unwarrantable presumptions against it, we cannot say it was not satisfied, having all the evidence before it, that a repleader would not and ought not to change the result. Since, the simplicity of the common law has been departed from and several issues may be formed for the determination of the jury, the rule has obtained, that a repleader should not be awarded, because of the immateriality of one of the issues, after a general verdict on all, some being sufficient, unless it affirmatively appears the verdict was on the immaterial issue only.— *Wallace v. Barlow*, 3 Bibb, 168; *Shippey v. Eastwood*, 9 Ala. 198. We cannot affirm from this record that the verdict has not accomplished substantial justice—that it does not determine the right—that no amendment of the pleadings could vary the result. It may have been from all the evidence apparent to the City Court that the immaterial issue, and the instructions of the court in reference to it, exerted no influence, or ought not to have exerted an influence on the verdict of the jury; which had a solid foundation on the evidence in support of the material issues.

We are compelled to affirm the judgment.