# Mobile Street Railway Co. *v*. Watters.

## *Action by Passenger against Street Railway Company for Wrongful Ejection from Car.*

1. *Money; when silver coin legal tender.*—A coin issued by authority of law to circulate as money, is not deprived of the quality of legal tender merely by being worn in the process of circulation, nor does such coin lose its quality of legal tender, so long as it is not appreciably diminished in weight and retains the appearance of a coin duly issued from the mint.

2. *Pleading and practice; result of immaterial issue.*—In the trial of a case, when issue is joined on a defective plea, or a plea tendering an immaterial issue, evidence relative to the issue so presented can not be excluded or disregarded, and the cause must be tried upon the issue presented, and the verdict of the jury should respond thereto.

3. *Action against street railway company for wrongful ejection of passenger; effect of joining issue on plea.*—In an action by a passenger against a street railway company for his wrongful ejection from one of its cars, where issue is joined upon a plea which avers that when the defendant's conductor demanded his fare, the plaintiff tendered to the conductor in payment of said fare, "a silver coin which was so worn that the stamping thereon could not be seen with sufficient distinctness to enable the conductor to tell whether the coin had originally been a coin of the United States government or not," and upon the conductor declining to receive said coin, and the plaintiff declining to pay his fare with any other money, he was ejected, such plea does not put in issue the legality of the coin in question, but does put in issue the coin's condition, together with the ability of the conductor to determine its genuineness, and charges requested by the plaintiff, which ignore the issue presented by such plea, are properly refused

4. *Pleading and practice; coin used in trial of case can not be certified to Supreme Court.*—Rule 27 of practice in the Supreme Court, which authorizes the transmission to the Spreme Court of original papers used in evidence in the trial court and copied into the transcript, does not authorize the transmission to the Supreme Court of a coin used and introduced in evidence in the trial court.

5. *Action against street railway company for wrongful ejection of passenger; admissibility of evidence.*—In an action to recover damages for the alleged wrongful ejection of the plaintiff as a passenger from a street car, it is not competent for the plaintiff to show where, after being put off the car, he obtained the money to pay his fare home; such evidence being irrelevant and immaterial.

APPEAL from the Circuit Court of Mobile.

Tried before the Hon. WILLIAM S. ANDERSON.

This action was brought by the appellee, John L. Watters, against the appellant, the Mobile Street Railway Company, to recover $2,000 damages for the alleged wrongful ejection of the plaintiff from one of the street cars owned and operated by defendant in the city of Mobile.

It was averred in the complaint that the plaintiff boarded one of the defendant's cars as a passenger, and when the conductor on said car demanded his fare from the plaintiff, that he tendered him one dime in United States currency; that said conductor refused to accept said dime, and on the failure of the plaintiff to pay his fare with any other money, the conductor compelled him to get off the car, whereby he suffered great inconvenience, delay, humiliation and anxiety of mind.

The defendant pleaded the general issue and also a special plea numbered 4, which is sufficiently set forth in the opinion. The facts of the case necessary to an understanding of the decision on the present appeal are sufficiently stated in the opinion.

Upon the introduction of all the evidence, the court of its own motion gave to the jury, as a part of its general charge, the following instruction: "If the evidence reasonably satisfies your minds that the plaintiff tendered legal coin of the United States in payment of his fare, and the conductor refused to take it and ejected the plaintiff, the plaintiff would be entitled to recover." The defendant separately excepted to the giving of this charge by the court, and also separately excepted to the court's giving at the request of the plaintiff, the following written charges: (1.) "If the jury are reasonably satisfied from the evidence that the silver dime in evi-

dence is the same dime offered to the conductor of defendant's car, that the said conductor declined to receive the said dime, and that plaintiff was thereupon compelled to leave the said car, they should find for the plaintiff." (2.) "If the dime introduced in evidence is the same dime tendered to the conductor of defendant's car, it was the duty of the said conductor to receive the same in payment of plaintiff's fare." (3.) "The court charges the jury that the dime introduced in evidence is legal tender coin of the United States for the amount of ten cents." The defendant requested the court to give to the jury the following written charge, and duly excepted to the court's refusal to give the same as asked: "The court charges the jury that if they believe all of the evidence, you ought to find a verdict for the defendant."

There were verdict and judgment for the plaintiff, assessing his damages at $120.93. The defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

GREGORY L. & H. T. SMITH and PHARES COLEMAN, for appellant.—The source from which plaintiff got his money to pay his fare home after he was ejected was in itself irrelevant and immaterial, and the objection should have been sustained. From the examination of the coin introduced in evidence, it is impossible to tell whether or not it is or is not a genuine coin, and under these circumstances, the defendant's conductor was justified in refusing to accept the coin, which was not recognizable as a coin of the United States. The charges given at the request of the plaintiff were, therefore, erroneous. The test as to whether a coin has lost its quality of legal tender is, that it is so worn that it does not retain the appearance of a coin issued from the mint and is not distinguishable as a genuine coin.—*Morgan v. Jersey City R. R. Co.*, 52 N. J. L. 60; *United States v. Linckner*, 12 Fed. Rep. 840.

E. M. ROBINSON, *contra.*—If the dime in evidence, and now before the court, was legal tender currency of the United States, it was clearly the duty of the conductor to

receive the same, and the ejection of the plaintiff was unlawful. This being true, the charge of the court that the dime in evidence was legal ·tender for the ten cents was proper. The ordinary wear which a coin receives in circulation as currency does not destroy its legal tender quality.—*Jersey City & B. R. Co. v. Morgan,* (N. J.) 18 Atl. Rep. 904; *Atlantic Consoliated St. Ry. Co. v. Keeney,* (Ga.), 33 L. R. A. 824.

SHARPE, J.—By the fourth plea it is set up as a defense to the action, that "the plaintiff got upon the car of defendant and when the defendant's conductor demanded his fare, he tendered to the conductor in payment of said fare, a coin which was so much worn that the stamping thereon could not be seen with sufficient distinctness to enable the conductor to tell whether it had originally been a coin of the United States government or not; and when the said conductor declined to receive this fare in compensation for its ride, the plaintiff declined to pay his fare with any other money, wherefore he was ejected." These averments do not put in issue the legality of the coin in question. A coin issued by authority of law to circulate as money is not deprived of the quality of legality merely by being worn in the process of circulation, nor does a silver coin by such wear lose its quality as legal tender "so long as it is not appreciably diminished in weight and retains the appearance of a coin duly issued from the mint."—*Morgan v. Jersey City, etc. R. Co.,* 52 N. J. L. 60, 18 Atl. Rep. 904. But the plea does put in issue the coin's condition, together with the ability of the conductor to determine its genuineness. Whether it presents a valid defense is not here in question. By the joinder of issue thereon its averments were made material; and an issue joined whether on good pleading or bad cannot properly be disregarded, but when submitted to the jury must be tried and the verdict should respond thereto.—*Steed v. Knowles,* 97 Ala. 573; *Allison v. Little,* 93 Ala. 150; *Mudge v. Treat,* 57 Ala. 1; *Masterson v. Gibson,* 56 Ala. 56; *Hazard v. Purdom,* 3 Port. 43. Here there was evidence tending to support this plea in the conductor's

statement in testimony, that the coin produced in evidence and testified to by plaintiff as being the one which was tendered for his fare, was not in fact the coin which was so tendered and that as to the latter "you could not tell but what it was cut out of a piece of tin;" but the court instructed the jury "if the evidence reasonably satisfies your minds that the plaintiff tendered legal coin of the United States in payment of his fare and the conductor refused to take it and ejected the plaintiff, the plaintiff would be entitled to recover." Without questioning the correctness of this instruction in its bearing on some of the issues, we are of opinion that it improperly ignored the particular plea above referred to. In effect it withdrew from the jury the issue submitted concerning the conductor's ability to determine from the appearance of the coin its legal tender quality, which ability rather than the real legal tender quality, had by the issue joined upon that plea become a vital question.

On the witness stand the conductor, while denying that the dime exhibited in evidence was the same that was offered for plaintiff's fare, testified that the coin so exhibited was a good visibly lettered dime. This evidence being without contradiction, proved not only that this coin was good, but that the conductor was able to recognize it as being good. The court was, therefore, justified in charging the jury upon the assumption that the dime introduced in evidence was of legal tender quality as was in effect asserted in the written charges given at plaintiff's request.

Accompanying the transcript there is a coin which is certified as being the one used in evidence, doubtless for the purpose of having it inspected under rule 27 of Supreme Court Practice. That rule, however, goes no further than to authorize the transmission here for inspection, of original papers used in evidence in the trial court and copied in the transcript. Neither that nor any other rule authorizes this court to look to the coin itself to determine its character or for any purpose.

The question addressed to plaintiff by his counsel as to where, after being put off the car, he got money to

[Louisville & Nashville Railroad Co. v. Johnson.]

pay fare homeward, called for immaterial matter and the objection to it should have been sustained.

For the errors mentioned the judgment will be reversed and the cause remanded.