## WATSON v. BRAZEAL.

1. A replication to a plea of the statute of limitations, that the note was made in South Carolina, and that the defendant moved from that State before six years had expired after the making of the note, tenders an immaterial issue.
2. If issue is taken upon a plea tendering an immaterial issue, the Court cannot instruct the jury to find against the evidence; but should after the issue is found either award a repleader, or render judgment *non obstante veredicto*.

Error to the Circuit Court of Wilcox.

ASSUMPSIT by the plaintiff against the defendant in error, on a promissory note, dated 20th July, 1836, for the payment, three days after date, of five hundred and seventy-nine dollars.

The defendant pleaded non-assumpsit, payment, and the statute of limitations.

To the last plea, the plaintiff replied, that the promissory note mentioned in the declaration, " was made, executed and delivered to the plaintiff in the State of South Carolina, where the plaintiff now resides, and that the said defendant removed out of said State, before the expiration of six years next thereafter, and has continued out ever since," &c.

Upon this replication the defendant took issue, and issue was also joined upon the pleas. Upon the trial, the plaintiff moved the Court to charge the jury, that if the proof sustained the plaintiff's replication to the defendant's plea, that then the statute of limitations did not bar the plaintiff's right of recovery; which charge the Court refused, and charged the jury, that

the issue joined upon the replication, was an immaterial issue, and the jury should not consider it; to which the plaintiff excepted, and which he now assigns for error.

BETHEA, for the plaintiff in error, cited 1 S. & P. 37, to show that the replication was good; and 3 Porter, 43, to establish that the Court erred in its charge.

SELLERS, contra.

ORMOND, J.—The facts recited in the replication to the defendant's plea of the statute of limitations, certainly tendered an immaterial issue. It is probable that the fact intended to be put in issue, was that the defendant had not resided six years within the State of Alabama, which, according to the decision of this Court, Towns v. Bardwell, 1 S. & P. 37, would have been a good replication to the plea. The replication, in this case, merely asserts, that the note was made in South Carolina, and that the defendant moved from that State before six years had expired, after the making of the note. That might be true, and yet the defendant might have resided six years in this State, so as to make the bar of the statute effectual.

It is the right of parties to have the issues of fact they make up, tried by the jury; what will be the effect of the issue when found, is matter of law. [Hazard v. Purdom, 3 Porter, 43.] Generally, the Court will award a repleader, or it may render judgment *non obstante veredicto;* but it cannot instruct the jury to find the issue contrary to the evidence.

See the case of Cullum v. The Branch Bank at Mobile, 4th Ala. Rep. 39, where this question is considered, where an immaterial issue is tendered in connection with good pleas; and although it was held that the defendant was not entitled to a general verdict, on the good and bad pleas, yet that the defendant was entitled to a verdict on the immaterial plea, if sustained by the proof.

For this error the judgment must be reversed, and the cause remanded.