# Masterson *v.* Gibson.

*Action on Judgment.*

1. *Who may sue on judgment.*—A judgment not being a " contract, express or implied, for the payment of money" (Rev. Code, § 2523), an action on it can not be brought in the name of the assignee, or party really interested, but must be brought in the name of the original plaintiff, or, after his death, in the name of his personal representative.

2. *Discontinuance, in action against several defendants.*—In an action against several defendants, founded on a joint or joint and several contract or cause of action, a discontinuance as to a defendant who has been served with process, without the consent of the others, would be a discontinuance as to all, and a judgment against the others would be reversed on error or appeal ; yet such a judgment is not void, and can not be collaterally impeached.

3. *Amendment of complaint, by striking out name of one or more defendants.*— Since the statute expressly authorizes an amendment of the complaint by striking out the name of a defendant improperly joined (Rev. Code, § 2809), it can not be assumed that an action against several defendants was discontinued, merely because the name of one of them, who was served with process, was struck out by leave of the court.

4. *Demurrer ; specification of causes.*—This court will not reverse on account of the overruling of a demurrer to a defective pleading, when the record does not show that the causes or grounds of demurrer were specified, as required by the statute (Rev. Code, § 2656).

5. *Immaterial issue.*—When issue is joined on a defective plea, or a plea tendering an immaterial issue, relevant evidence can not be excluded from the jury; but the court may, after verdict, award a repleader, or render judgment *non obstante veredicto,* as justice may require.

APPEAL from the Circuit Court of Lawrence.

Tried before the Hon. W. B. WOOD.

This action was brought by Thomas Masterson, against Orson D. Gibson; was commenced on the 31st January, 1871, and was founded on a judgment for $643.42, besides damages and costs, which was alleged to have been rendered by said court, at its March term, 1862, in favor of B. F. Milam, against said Gibson and one Warren (not sued in this action), and to be the property of the plaintiff. There was no demurrer, or other objection, to the complaint; but the defendant pleaded, " in short by consent, that the judgment described and set forth in said complaint is void, because James M. Warren, S. Brock, and O. D. Gibson, this defendant, were all sued in a joint action, and process served on all of them; and that the plaintiff sought to amend his complaint, by striking out the name of S. Brock, whereby the whole action was discontinued and out of court; all of which appears by the record, and no rights accrue to plaintiff under said judgment." The plaintiff demurred to this plea, " in short by

[Masterson v. Gibson.]

consent;" but the record no where shows what causes of demurrer, if any, were specially assigned. The court overruled the demurrer, and issue was then joined on said plea. On the trial, as the bill of exceptions shows, the plaintiff offered in evidence the judgment on which his action was founded; which the court held void, on objection of the defendant, and excluded from the jury, and also instructed the jury that it was void. To these rulings of the court the plaintiff excepted, and he now assigns them as error, together with the overruling of his demurrer to the plea.

CLARK & HARRIS, with whom was W. COOPER, for appellant. The judgment sued on was not void on its face, and there is nothing in the pleadings which shows that it was void in fact. The statute authorizing amendments, by striking out or adding parties, is very broad, and covers the amendment which was· allowed.—Rev. Code, § 2809. Since the record does not show on what ground it was allowed, it will be presumed to have been properly allowed; and even if it was improperly allowed, its allowance does not render the judgment void, though it might be good cause of reversal on error or appeal.—*Mock v. Walker*, 42 Ala. 669; *Laird v. Moore*, 27 Ala. 326; *McElhaney v. Gilleland*, 30 Ala. 183; *Ivey v. Gamble*, 7 Porter, 545; *Shorter v. Urquhart*, 28 Ala. 360; *Stewart v. Goode & Ulrick*, 29 Ala. 476; *Jarman v. McMahan's Adm'r*, 37 Ala. 431.

W. P. CHITWOOD, *contra.*—The statute expressly provides that the plaintiff, in a joint action against several defendants, "may discontinue as to those on whom the summons is not served, and proceed to judgment against those on whom it has been executed."—Rev. Code, § 2545. But there is no statutory provision, which authorizes a discontinuance, in such action, as to a defendant who has been served with process; and numerous decisions of this court hold, that such dismissal as to one is a discontinuance of the entire action.—*Goss v. Davis*, 21 Ala. 479; *Whitaker v. Van Horn*, 43 Ala. 255; *Fennell v. Masterson*, 43 Ala. 268; *Huff v. Davison*, 44 Ala. 273; *Bachus v. Mickle*, 45 Ala. 445; *Curtis v. Gaines*, 46 Ala. 451.

MANNING, J.—The complaint in this cause was filed by appellant, to recover the amount of a judgment obtained against appellee and another, by one Milam as plaintiff, and alleged to be now the property of the present plaintiff. But his being the "party really interested," did not entitle him to sue thereon in his own name. In *Smith v. Harrison*, 33

[Masterson v. Gibson.]

Ala. 706, it was decided, that a judgment is not a "contract, express or implied, for the payment of money," according to section 2129 of the Code of 1852 (2523 of the Revised Code); from which it follows that, if necessary that suit be brought upon it, it must be sued on in the name of the original plaintiff, or, if he be dead, of his executor or administrator. The first count in the complaint, therefore, was demurrable. But, since a demurrer to it was not filed, it stands as a part of the declaration of the appellant's cause of action.

2. There is no doubt, also, that the first plea of defendant, to this count in the declaration, was as a pleading bad. Nothing is alleged in it, to show that the judgment set forth in the complaint was void, as it is therein averred to be. It was the judgment of a Circuit Court of this State, a court of general jurisdiction, and had not been set aside or reversed. Although, if the suit in which it was rendered were brought against several defendants, "upon a joint, or joint and several contract, or upon any joint or joint and several cause of action," and the summons therein had been served on all the defendants, a discontinuance of the action against one, without the consent of the others, would be held, on appeal, to be a discontinuance as to all; yet, a judgment rendered in such a case is not, therefore, void. It can not be treated as a nullity, and collaterally impeached as such, as it is sought to be in this cause. The proper way of vacating such a judgment, after the adjournment of the court which rendered it, would be by having it reversed on appeal to this court. If this be not done, it stands good, and in full force.

3. Again, it is by no means true, as the plea assumes, that in every instance the amendment of a complaint, by striking out of it, with the leave of the court, the name of one of several defendants who had been summoned to answer it, would be held to work a discontinuance of the action against the others, even on appeal. An amendment, "by striking out or adding parties defendant," is expressly authorized by section 2809 of the Revised Code; whence it is clear, that there are cases, in which a discontinuance as to one only of several defendants is permissible. Of this sort, we apprehend, would be a case in which a person should be improperly joined with others, in a suit upon a joint or joint and several contract, entered into by these others, but not by him. Here would be a misjoinder; and the complaint might be properly amended, by striking out the name of the person so misjoined. Such was the opinion of GOLDTHWAITE, J., in *Laird v. Moore*, 27 Ala. 328. And it has been held, that a like amendment is allowable, when one of several defendants pleads infancy, bankruptcy, or some other ground of exemp-

VOL. LVI.

[Masterson v. Gibson.]

tion or discharge, entirely personal to himself.—*Mock v. Walker*, 42 Ala. 669; *Ivey v. Gamble*, 7 Porter, 545. Now, there is nothing in the first plea, the plea relied on for the defense, to show that the amendment specified in the entry of the judgment sued on in this cause, was not allowed for one of the foregoing reasons, or some other valid reason. It is assumed that the judgment must be void, because it appears, by the recitals in it, that after an amendment of the complaint, by striking out the name of one of the defendants, with the leave of the court, the judgment was rendered only against the other two.

4. But the demurrer to this plea was itself defective. It did not specify, as the statutes requires, the particular defect in, or any ground of objection to the plea, on account of which it was supposed to be an insufficient answer to the complaint. "No objection," says the law, "can be taken or allowed, which is not distictly stated in the demurrer;" and this court has very often decided, that it will not reverse a judgment of the circuit judge, overruling a demurrer, which does not specify the objection to the pleading to which it is filed. The demurrer to the plea was overruled in this cause by the circuit judge.

5. An issue was thus formed, in consequence of defects in the demurrer, upon a plea that was bad. But the issue made by the parties was that which the jury must try. However faulty it might be, they could not try any other. It is held that, when issue is taken on a plea tendering only an immaterial issue, the court can not instruct the jury to find against the evidence supporting it; and of course evidence, relevant to the issue, must, when offered, be submitted to them. The court might, after verdict, if justice should require it, either award a repleader, or render judgment *non obstante veredicto*, according to the case presented.—*Watson v. Brazeal*, 7 Ala. 451; *Mudge v. Treat*, at the present term.

The plaintiff offered in evidence a transcript of the judgment sued on, as described in the complaint; and the bill of exceptions, containing a copy of the judgment entry, sets forth the action thereupon, as follows: "To the introduction of said judgment record, the defendant objected; and the court sustained the objection, and held that said judgment was void; to which ruling of the court the plaintiff excepted." And the court afterwards, in its charge to the jury, said: "The court decides that the judgment which was rendered in 1862, upon which the plaintiff claims in the first count of his complaint, is void, and of no effect; and the plaintiff can not recover on that as a valid and subsisting judgment, against this defendant. To which charge the plain-

[Alexander v. Taylor et al.]

tiff excepted." In these rulings, the Circuit Court fell into error. The judgment was not void, as is hereinabove shown, because of the amendment of the complaint by striking out the name of one of the defendants, or for any other reason appearing upon the face of the judgment, or shown by the bill of exceptions; and as it tended to support the averments in the first count of the complaint, it was relevant evidence, and ought to have been allowed to go to the jury.

For the error in excluding this evidence, the judgment must be reversed, and the cause remanded.