# *Ex parte* Pearce.

*Application for Mandamus.*

1. *Repleader; when award of, equivalent to granting new trial.*—Where issue is joined on several insufficient special pleas and on the general issue, and there is a general verdict for the defendant on all the issues; while the bill of exceptions, purporting to set out all the evidence, shows that the plaintiff made out a *prima facie* case, and that the defendant's evidence only supported the insufficient pleas; the award of a repleader, if not technically correct, is the same in substance as granting a new trial, with leave to amend the pleadings, and accomplishes substantial justice.

APPLICATION to this court for a writ of *mandamus.*
The facts are sufficiently stated in the dissenting opinion.

[Ex parte Pearce.]

PARSONS, PEARCE & KELLY, for petitioner.

CALDWELL, HAMES & CALDWELL, and WATTS & SON, *contra.*

CLOPTON, J.—In an action, brought by M. P. Levy & Co. against the petitioner in the Circuit Court for Calhoun county, the defendant pleaded the general issue and three special pleas. Each of the special pleas contained a confession of a cause of action, and alleged in avoidance immaterial and insufficient matter. There was a verdict for the defendant, which was set aside, and a repleader awarded. This is an application for a *mandamus* to have judgment entered on the verdict, and the case stricken from the docket. When a plea contains a confession of a cause of action, and avoids it by presenting an immaterial issue, and there is a verdict for the defendant, the plaintiff is entitled to judgment *non obstante verdicto;* but if the plea does not confess a cause of action, a repleader may be granted. *Lambert v. Taylor,* 4 B. & C. 138; 1 Chitty Pl. 688. Such is the rule at common law, and was of easy application so long as the parties were restricted to a single issue; but since, by statute, the defendant is allowed to plead as many distinct pleas as he may be advised, though inconsistent with each other, thus presenting several issues of fact, a serious difficulty arises as to the application of the rule, when some of the issues are material and others immaterial, and there is a general verdict for the defendant.

In *Wallace v. Barlow,* 3 Bibb. 168, issues were joined on three pleas, two of them being immaterial. It was held, that a material issue having been joined, and a general verdict for the defendant, it should not be set aside and a repleader granted; and that whenever the court can give judgment upon the whole record a repleader should not be awarded; but the finding as to these issues, which could not affect the merits, should be disregarded, and judgment entered on the finding as to the good issue. In *Cullum v. Branch Bank,* 4 Ala. 21, the right of the defendant to have the jury instructed to find a verdict on any issue sustained by his proof is conceded without question, because in such event, the plaintiff could evade the consequence of the verdict founded on an immaterial issue by a motion to enter a judgment *non obstante veredicto.* It is said: "The defendant did not pursue this course, but asked a charge which, if given, would have led to a general verdict, and the plaintiff would, in that case, have been remediless (as under the issue of *non assumpsit*), the reason on which the verdict was founded could not have been ascertained."

In *Mudge v. Treat,* 57 Ala. 1, the rule is thus stated: "A repleader should not be awarded, because of the immateriality

of one of the issues, after a general verdict on all, some being sufficient, unless it affirmatively appears the verdict was on the immaterial issue only." The logical sequence from these decisions is, that whenever enough exists in the record, not being impertinent or uncertain, on which judgment may be given, the reason for awarding a repleader, when all the issues are on immaterial points, does not apply; and that the statute, allowing several pleas, operates to abrogate the rule, when there is a general verdict on both material and immaterial issues, except in case the entire record affirmatively shows, that the finding was on an immaterial point only.

The bill of exceptions purports to set out all the evidence. It must be conceded, that sufficient appears, if believed by the jury, to entitle the plaintiff to recover; and that the proof offered by defendant only tends to support the immaterial issues. In *Mudge v. Treat, supra,* it was observed, substantially, that had the bill of exceptions negatived the introduction of any evidence supporting any of the material issues, the court would not hesitate to declare that a proper case for a repleader would have been presented. But it must be noted, that the trial court had instructed the jury, their verdict must be for the defendant, if they found the immaterial issue in his favor. We do not understand, it was intended to declare, that the appellate court will determine from an inspection and examination of the proof contained in the record, though it may set out all the evidence, that it affirmatively appears that the verdict was on the immaterial issue only, when there are sufficient pleas, which cast on the plaintiff the burden of establishing his cause of action, and nothing, other than the evidence, appears from the record to indicate such finding. But the exigencies of this case do not require us to decide the extent to which the character of the evidence may be regarded as a controlling consideration, nor what must be shown by the record, in order that a general verdict, there being both sufficient and insufficient pleas, may affirmatively appear to be founded on an immaterial issue only.

The record, as presented, does not disclose what instructions, if any, were given by the court as to the insufficient pleas. The verdict of the jury is set out *in haec verba:* "We the jury find the issues in favor of the defendant." Its terms are responsive to, and comprehensive enough to embrace all the issues, material and immaterial, submitted to the jury. The fair and reasonable interpretation of the verdict is, that the jury found *all* the issues in favor of the defendant. *Tippin v. Petty,* 7 Por. 441. On such a verdict, it cannot be said, that it is founded on any particular issue only, whatever may be our opinion of the state and character of the proof. If such be the

fact, no means are furnished to ascertain on what particular issue. The general issue is a denial of the cause of action as set forth by the plaintiffs, and devolved on them the *onus* of proving it. The juries are the exclusive judges of the credibility of witnesses, and the sufficiency of evidence. If their finding is contrary to the evidence, resort for the correction of the error must be by a motion for a new trial. It may operate a hardship on the plaintiffs; but violence would be done to the finding of the jury as expressed in the terms of their verdict, were it restricted to the immaterial issues only, by inferences only from the insufficiency of the evidence to support the verdict on the material issue. On the record, a case for a repleader was not presented, and the defendant was not entitled to have judgment entered on the verdict. Otherwise, the effect would be to grant a new trial under the guise of awarding a repleader.

The remaining question is, will *mandamus* lie to compel the Circuit Court to enter judgment? It is an established principle, that a *mandamus* will issue to an inferior court to compel the rendition of a judgment, where such court, having heard and tried the case, refuses to render judgment; but relief will not be granted by *mandamus*, when there is another adequate legal remedy, as when the interlocutory order complained of may be revised and corrected on appeal from the final judgment. *Ex parte S. & N. Ala. R. R. Co.*, 65 Ala. 599. Whether or not a repleader shall be awarded is not a matter in the discretion of the court, and the action of the court relating thereto is revisable. Awarding a repleader is not the same as granting a new trial. They are distinct in their nature and purposes, and constitute different modes of proceeding. *Chapman v. Holding*, 60 Ala. 522. The one is discretionary, not subject to revision. The other does not rest in the discretion of the court, and must be granted or refused on established common law principles; and if error intervenes, it may be corrected by the appellate court. The plaintiff having made a motion for a new trial, which was withdrawn, and afterwards made a motion to set aside the verdict, and for a repleader, elected their remedy, and must submit to its burdens and disadvantages. If a repleader be improperly refused, the plaintiff may appeal from the judgment entered on the verdict, and have the refusal revised. *Mudge v. Treat, supra.* Hence in such case, a *mandamus* will not lie. But if a repleader be improperly awarded, no judgment is entered from which an appeal can be taken. Though the defendant may object, if he subsequently appears, engages in another trial, examines witnesses, and litigates, he waives his objection to the award of the repleader, and is precluded to deny that the case is properly

[East v. East.]

pending in court. *Byrd v. McDaniel*, 20 Ala. 582; *Hair v. Moody*, 9 Ala. 399. An appeal from the final judgment would not be an adequate remedy. *Lloyd v. Brinck*, 35 Tex. 1; *Fish v. Neatherwood*, 2 Johns. Cas. 215.

In my opinion the *mandamus* should be granted. But the majority of the court do not concur in this conclusion.

PER CURIAM.—The result of the trial and verdict in this case was a manifest injustice to plaintiffs. The defenses set up were without merit, and the court would have been justified in setting the verdict aside *ex mero motu*, and allowing the pleadings to be amended. We will not say it was not the duty of the court not to do so. One of the chief purposes for which courts are organized is, that while observing the dividing line which separates the duties of the judge from those of the jury, the presiding judge should exert his powers in favor of legal justice. The effect of the order made was precisely the same as the granting of a new trial, with leave to amend the pleadings. Justice was done, and the law regards substance rather than forms, or the name of things. Judgments, correct in substance, should never be reversed because bad reasons are given for them, nor because they are designated by erroneous names.

The majority of the court hold that the *mandamus* must be denied.