# McKinnon *v.* Lessley.

*Statutory Action in nature of Ejectment, by Mortgagee against Mortgagor.*

1. *Payment of mortgage debt, or suggestion of mortgage.*—Under statutory provisions, the mortgagor of lands, when sued at law by the mortgagee, may plead and prove payment of the mortgage debt, or have the balance due ascertained under a suggestion of partial payment, and retain the land on payment of that balance within thirty days (Code, § 2707); but he can not, under such statutory suggestion, attack the consideration of the mortgage as recited, on the ground of usury in the debt, nor can he show a set-off against it.

40

2. *Issue on defective pleas.*—When issue is joined on a defective plea, without testing its sufficiency by demurrer, evidence relevant to the issue can not be excluded from the jury on motion.

APPEAL from the Circuit Court of Coosa.

Tried before the Hon. JAS. R. DOWDELL.

This action was brought by J. T. Lessley against Alex. McKinnon, to recover the possession of a tract of land particularly described in the complaint; and was commenced on the 10th February, 1888. The plaintiff claimed the land under a mortgage executed to him by the defendant, which was dated January 20th, 1887, and given to secure the payment of a promissory note for $287, payable on the 1st November, 1887; and he offered the note and mortgage in evidence on the trial. The record shows that on the 3d April, 1888, the defendant filed three pleas—namely, payment of the mortgage debt, set-off, and usury in the mortgage debt; and that a demurrer to these pleas was filed on the 13th January, 1890. It shows, also, that on the 14th January, 1890, three other pleas were filed—namely, not guilty, and special pleas attacking the consideration of the mortgage and note, and alleging usury, set-off, and payment; and that a demurrer was interposed to these pleas on the same day. The trial was had on the 14th January, 1890, and resulted in a judgment on verdict for plaintiff. The judgment-entry only recites, that the parties came by attorneys, "and defendant, by leave of the court, withdraws his pleas heretofore filed, and files new pleas; and issue being joined, thereupon came a jury," &c. On the trial, as the bill of exception shows, the defendant offered evidence tending to establish his pleas of set-off, usury, and payment; all of which was excluded by the court, on motion of the plaintiff, and the defendant excepted. The court also charged the jury, on request, that they must find for the plaintiff, if they believed the evidence; to which charge the defendant excepted.

The charge of the court, and its rulings on evidence, are now assigned as error.

WATTS & SON, for appellant.

JNO. H. PARKER, *contra.*

McCLELLAN, J.—Section 2707 of the Code, which authorizes the defendant, in an action by a mortgagee or his assignee, to recover the land conveyed by the mortgage from

[McKinnon v. Lessley.]

the mortgagor, or any one holding under him, to plead payment of the mortgage debt, and requires an ascertainment by the jury of the amount of the mortgage debt, upon a suggestion of the defendant to that end, was not intended to afford a mode of foreclosure in a court of law, or to confer any right on the defendant other than those which appear from a fair interpretation of its terms to be given. Its purpose is simply to secure to a defendant in such action the right to show that he had paid the amount he had agreed to pay, or had performed the condition he had agreed to perform, and the right, if the secured debt had not already been paid, to have its amount fixed, and to pay the sum so fixed and to retain the land. *Payment* of the *mortgage debt*—the debt apparent on the face of the instrument—either before, or within thirty days after judgment, is the basis, and only predicate for defendant's right to defeat recovery of his land. And to this extent only, the common law, which does not countenance the defense of payment of the mortgage debt in actions of ejectment by the mortgagee (*Jackson v. Scott*, 67 Ala. 99; *Slaughter v. Doe, Ib.* 494), was changed by the statute. Neither the right to go behind the mortgage, and attack its consideration, or to plead set-off, is within the terms or spirit of the enactment. Those rights can not be effectuated under it, but must be asserted now as before its passage. It is only the existence or amount of the mortgage debt which can be put in issue under the statute, and its existence can be disproved, or its amount reduced, only by evidence of payment in whole, or *pro tanto.—Sanders v. Cassady*, 86 Ala. 246; *Bradford v. Daniel*, 65 Ala. 133.

The special pleas interposed by the defendant, relying upon usury in the original debt, of which the mortgage debt was a renewal, and on set-off, presented, therefore, immaterial issues, and should have been stricken out on demurrer. Demurrers were filed, but it does not appear that any action was had on them. The record shows affirmatively that the plaintiff took issue on these insufficient pleas, and upon that issue went to the jury. The court excluded all testimony offered in support of the pleas. This was error, for which the judgment must be reversed. The doctrine is too well, and has been too long established in this court, that, if the parties make up a false issue, evidence must be received upon it, and it must be submitted to the jury, to be now questioned.—*Watson v. Brazeale*, 7 Ala. 451; *Masterson v.*

[Tanner & DeLaney Engine Co. v. Hall.]

*Gibson*, 56 Ala. 56; *Mudge v. Treat*, 57 Ala. 1; *Ex parte Pearce*, 80 Ala. 195.

The judgment of the Circuit Court is reversed, and the cause remanded.