# Crescent Brewing Co. v. Handley.

### Action for Breach of Contract under Seal.

1. *Discharge of surety, by alteration of contract.*—A surety has the right to stand on the very terms of his contract, and is discharged from liability by any alteration made without his consent, even though it may be beneficial to him.

2. *Parol evidence varying writing.*—When a contract is reduced to writing, all oral agreements, whether prior or contemporaneous, are merged in it, and considered as waived; and parol evidence of them can not be received to vary the legal import of the writing.

3. *Recoupment of damages; loss of profits.*—In an action to recover damages for the breach of a contract, defendant seeking to recoup damages sustained by plaintiff's prior breach, whereby his business was broken up, he can not be allowed to prove that, in consequence of entering into the contract with plaintiff, he gave up another business in which he was employed at a stated monthly salary.

4. *Issue on immaterial plea; repleader.*—When issue is joined on a defective or immaterial plea, evidence sustaining the plea can not be rejected, but the remedy is by repleader after verdict; and if the cause is submitted to the decision of the court without a jury the plaintiff should be allowed at any time, on motion, to withdraw his replication, and demur to the defective plea.

Appeal from the City Court of Decatur.

Tried before the Hon. Wm. H. Simpson.

This action was brought by the Crescent Brewing Company, an Indiana corporation, against B. T. Handley, C. Petty, J. L. Krou, C. H. Albes, and P. J. Edwards; and was commenced on the 8th April, 1889. The plaintiffs sought to recover, as damages, the sum of $738, alleged to be the balance due them for beer sold and delivered to B. T. Handley & Co., or Hand-

[Crescent Brewing Co. v. Handley.]
ley & Petty, for which said defendants were liable under the
terms of the bond signed by them, which was annexed to, and
made a part of the contract for the sale of the beer. The
opinion states the pleadings as fully as they are shown by the
record. The case being submitted to the decision of the court
without a jury, the court sustained the defense of Krou, Albes
and Edwards, as sureties, and rendered judgment in their favor
for costs; and also sustained the partial defenses of Petty and
Handley, claiming a recoupment of damages, and rendered judg-
ment against them for $343, as the balance due plaintiff. The
plaintiff excepted to the judgment and findings of fact by the
court, and to several rulings on the pleadings and evidence;
and these rulings, with the judgment, are now assigned as error.

S. H. GRUBER, for appellant.

WERT & SPEAKE, contra.

STONE, C. J.—The Crescent Brewing Company, a corpora-
tion, entered into a written, executory agreement with Hand-
ley, by which it bound itself to furnish to him its manufactured
goods—beer—to be sold at Decatur in this State. The agree-
ment contains various stipulations to be performed, some by
the Brewing Company, and others by Handley. Among the
latter is the agreement by Handley to pay for the beer to be
shipped to him by the Brewing Company, expressing the
prices, and when and how to be paid for, &c. As part of this
agreement, Handley was required, and did enter into a further
agreement, with sureties, for "the full and complete perform-
ance by the above bounden B. T. Handley of all the covenants
made by him in the written contract, which is made a part of
this bond; but, upon failure or default on the part of said B.
T. Handley so to do, then we agree to pay to the said Brewing
Company any loss or damage it may sustain by reason of said
failure." This additional agreement was signed by Handley,
Petty, Krou, Albes and Edwards. Both agreements are on
one sheet of paper, and the testimony was that the first was
not to be considered a completed and binding contract, until
the second was executed with sureties.

Before any steps were taken under this contract after its
complete execution, Handley took Petty into partnership with
him in the adventure, and the business was entered upon and
conducted in the name of Handley & Co., composed of Hand-
ley and Petty; and the Brewing Company was notified of it.
The shipments were made to Handley & Co., and all dealings
were conducted in the firm name, and not in the individual

name of B. T. Handley. Shipments of beer were made to Handley & Co., and the present suit was brought to recover a balance due for goods so shipped.

We may state, in passing, that the complaint is scarcely specific enough in averring that beer was shipped to Handley, or Handley & Co., under the contract. The complaint, as we understand it, contains a single count, though there are two clauses in it which speak of the breach. The suit is on the contract as expressed in the writing, and to the complaint as thus framed we must confine our rulings. The record does not contain the pleas that were interposed, but, from the replications filed, the testimony given in, and the rulings of the court, we are able to determine what the issues were.

Krou, Albes and Edwards defended on the ground that they were only sureties; that by the terms of their contract they were bound only for defaults in not carrying out the contract made by Handley with the Brewing Company, and were not bound for any default Handley & Co., or Handley & Petty might commit. This was the contract they made, and this the contract declared on. Such is · certainly the law. A surety may stand on the letter of his contract, and is bound only by its terms. His liability can not be varied without his consent. A material alteration made in the terms of the contract, to which his assent is not obtained, even though beneficial to him, or lightening the burden on him, absolves him absolutely from all burdens imposed by the contract.—2 Brick. Dig. 374, §§ 18 to 21, inclusive; *City Council v. Hughes*, 65 Ala. 201; *Anderson v. Bellenger*, 87 Ala. 334; s. c., 4 L. R. A. 680.

The testimony tends to prove that Krou, Albes and Edwards did not sign the contract declared on until after the partnership between Handley and Petty was formed, and the presumption is strong that, when they signed, they knew the partnership had been formed. We base this presumption on the testimony, which is not denied, that Petty himself procured these sureties to become bound, and to execute the paper. We feel authorized to infer that they were induced to sign mainly, if not entirely, by Petty's becoming associated in the business-venture. If this be true, then the alteration was made with their consent, and, but for a principle to be stated presently, they could be held accountable for the default of Handley & Co., upon a count properly framed to meet the terms of the changed contract. That principle may be thus stated: When parties enter into a written contract, the presumption is that all oral agreements, anterior or cotemporaneous, not expressed in the writing, are waived; and it is not permissible to make proof of such oral agreement to vary the

legal import of the writing. This is an inflexible rule of evidence.—3 Brick. Dig. 417, § 156. The rule is not applicable to certain exceptional cases, but the present case does not fall within any of the exceptions.—*Hart v. Clark*, 54 Ala. 490.

The facts of this case bring it directly within the rule of exclusion. When the sureties signed the agreement, they either did, or did not, know that Petty was to be a partner with Handley in the business-venture. If they did not know it, then they did not consent to the altered terms of the contract, and are not bound by it. If they did know it, and intended to guarantee a faithful performance of the contract by Handley & Co., then the rule of evidence will not permit that intention to be proved, because it varies the terms and legal effect of the writing. And chancery will not reform a contract made under such circumstances.—*Clark v. Hart*, 57 Ala. 390. We find no error in the rulings of the City Court, so far as they affect the liability of the sureties, Krou, Albes and Edwards.

As we have said, the pleas of Petty not being in the record, we have to consult the replications and testimony to learn what they were. From them we learn that one ground of defense relied on was, that he, Petty, in consequence of entering into this contract, had given up another business, by which he could have made one hundred and fifteen dollars per month, and he sought to abate plaintiff's recovery by that sum. This plea was wholly without legal merit, and tendered an immaterial issue.—*Beck v. West*, 87 Ala. 213, and authorities cited. The trial court considered this plea frivolous, and would have sustained a demurrer to it, if it had been interposed. Plaintiff, however, took issue on the plea; and the result would be, that to the extent the proof sustained the plea, the defense was made good, unless there was a repleader.—*Mudge v. Treat*, 57 Ala. 1.

Pending the trial, and on two several occasions, plaintiff asked leave to withdraw its replication, and demur to the plea. This the court refused. If the issue had been pending before a jury, we would hold that the motion was prematurely made. It should come, in such case, after verdict rendered, when, in a case like the present, it would be error to overrule it.—*Watson v. Brazeal*, 7 Ala. 451; *Masterson v. Gibson*, 56 Ala. 56; *Ex parte Pearce*, 80 Ala. 195. In the present case, both law and facts were submitted to the court without a jury, and no reason exists why the motion should not be entertained pending the trial. The City Court erred in overruling plaintiff's motion for leave to withdraw its replication, and to file a demurrer to the plea of defendant Petty.

Reversed and remanded.