# Montgomery's Executors v. Alabama Great Southern R. R. Co.

| 97 | 305 |
|----|-----|
| 99 | 552 |
| 97 | 305 |
| 122 | 482 |

| 97 | 305 |
|----|-----|
| 144 | 322 |

*Action for Injuries Causing Death of Testator.*

1. *When track of a railway not part of public highway.*—When the cross-ties of the spur-track of a railway are laid on the surface of an alley in a town and the track is not imbedded in the alley, such track is not a public highway and a person walking along it without excuse is a trespasser to whom the railroad company owes no duty except to avoid the infliction of wanton injury on him.

2. *Contributory negligence in failing to look for trains.*—If a person attempts to cross the track in front of a moving engine, or conceding that it was stationary, so near it that there was danger of its being put in motion and striking him before he could effect a crossing, he is guilty of such contributory negligence as would bar an action to recover damages for injuries inflicted on him in such attempt, and it is proper to submit to the jury whether he was guilty of contributory negligence which proximately contributed to such injuries.

APPEAL from St. Clair Circuit Court.

Tried before Hon. LEROY F. BOX.

The complaint in this case contained five counts setting forth the alleged negligence substantially as follows: "That on about the 5th day of March, 1890, the defendant, while engaged in operating its said railroad, by and through its agents and servants, and while running an engine over its road or track, or switch of its said road, at which time it was being used by defendant in the town or village of Gate City, Jefferson county, Alabama, when at or near the railroad scale house in said town or village, wrongfully, negligently, and carelessly ran its engine and tender connected therewith against and over the person of plaintiff's testator."

The court gave several charges to the effect that if the deceased got on the track near an engine engaged in switching, and failed to look or watch for the approach of the engine, the plaintiff could not recover even though those in charge of the engine failed to ring a bell or keep a lookout for persons on the track; if they did not actually know of his presence on the track.

JOHN W. INZER. for appellants, cited *Carrington v. L. & N. R. R. Co.*, 88 Ala. 472; *G. P. R. R. v. Hughes*, 87 Ala. 610; Code, §§ 1144, 1145: *S. & M. R. R. v. Shearer*, 58 Ala. 672;

[Montgomery's Executors v. Alabama Great Southern R. R. Co.]

*S. & N. R. R. v. Donovan*, 84 Ala. 141; *G. P. R. R. v. Blanton*, 84 Ala. 154.

L. A. DOBBS, for appellee, cited *Webb v. L. & N. R. R.*, 90 Ala. 185; *Leake v. G. P. R. R.*, 90 Ala. 161; *Carrington v. L. & N. R. R.*, 88 Ala. 472; 84 Ala. 149.

McCLELLAN, J.—The complaint in this cause sufficiently alleges negligence on the part of the defendant, abstractly considered, but it avers no facts from which a duty on defendant's part to exercise care and diligence with reference to plaintiff's testator, to recover damages for whose death this action is prosecuted. For aught that appears by the complaint, plaintiff's testator might have been rightfully on the track when he was run over and killed, in which case defendant would be liable to his personal representatives for the lack of care on the part of its employees whereby the fatal injury was inflicted, or he may have been wrongfully on the track, and hence a trespasser, in which case no mere negligence, such as is alleged, on the part of said employees would have sufficed to fix a liability on the defendant. And on the familiar rule which requires that construction, when two or more constructions are possible, of pleadings which is most unfavorable to the pleader to be put on his averments, this complaint must be held to allege that a trespasser on defendant's track was fatally injured through simple negligence on the part of defendant's servants. This did not sufficiently present a cause of action; and such doubtless would have been the ruling of the trial court had the insufficiency of the complaint been taken advantage of by demurrer.—*Ensley Railway Co. v. Chewning*, 93 Ala. 24.

But instead of demurring to the complaint issue was taken upon it, the defendant thereby confessing its sufficiency and electing to have its liability depend upon the truth or falsity of the insufficient fact averred in it. Those facts were established: it was shown without controversy that the accident occurred, at a place—in a city, town, or village—, where the statute requires the bell of the engine to be rung or its whistle blown, (Code, § 1144) and that this duty was pretermitted at the time in question; and this negligence filled the averments of the complaint in that regard which were the only averments the complaint contained by way of fixing responsibility on the defendant. Had the issue thus made up by the plea of not guilty been the only issue in the case, the plaintiffs would have been entitled to the affirmative charge upon it, notwithstanding the fact that in the ab-

stract the issue was an wholly false and immaterial one. *Watson v. Brazeale*, 7 Ala. 451; *Masterson v. Gibson*, 56 Ala. 56; *Mudge v. Treat*, 57 Ala. 1; *Ex parte Pearce*, 80 Ala. 195; *Agnew v. Walden*, 84 Ala. 502; *Ga. Pa. R'y. Co. v. Propst*, 90 Ala. 1; *Crescent Brewing Co. v. Handley*, 90 Ala. 486; *Allison v. Little*, 93 Ala. 150; *Gadsden Land & Improvement Co. v. First National Bank of Gadsden, post.* —; *McKinnon v. Lessley*, 89 Ala. 625.

But another issue was injected into the case on the plea of contributory negligence. Inasmuch as the complaint itself, as it must be construed, showed contributory negligence on the part of plaintiff's testator in that it showed that he was a trespasser on defendant's track, it may be that the plea was bad, but whether so or not, no objection was taken to it and issue was joined on it. This was indeed the only litigated issue on the trial below.

Upon this issue of contributory negligence *vel non* there were two aspects of the evidence. All the testimony except that of one witness goes to show that plaintiff's testator was in the act of walking along a spur-track of the defendant company, and between the rails thereof, when he was stricken by the tender of an engine which was being slowly backed along the track in the direction in which he was going. The testimony without any conflict shows that this track was in an alley of the village of Gate City, and that the track was on cross-ties which were laid on the surface of the alley and not imbedded in it so as to be a part of the roadway of the alley. It is to be presumed that the track was rightfully in the alley, nothing to the contrary appearing, and, not being incorporated with it so as to be a part of the roadway of the alley, and intended to be used as such, the case in this respect is on all fours with that of *Glass v. Memphis & Charleston R. R. Co.*, 94 Ala. 581. And on this aspect of the evidence, plaintiff's testator was a trespasser on defendant's track at the time and place of the accident in such sort that defendant's employees owed him no duty except to avoid injuring him if possible after they became aware of his presence on the track and consequent peril, and there being no pretense or ground for inference that they knew of his peril in time to have prevented striking and running over him, or that they knew of his presence at all in fact until he had been struck and run over, the court would have been justified in instructing the jury to find for the defendant if they believed this aspect of the evidence. This being so, it is unnecessary to consider the charges which were given and refused in this connection, since whether they were erroneous or not

[Louisville & Nashville R. R. Co. v. Webb.]

they could not have injured the appellants, they having no cause of action if this evidence was believed.

The testimony of one witness referred to above "tended to show that deceased stepped on the end of a cross-tie in rear of and near to the tender, stumbled and fell on the track, and was run over and killed by the tender." There was evidence too from which the jury might have inferred that when this happened, if it did so happen, the engine and tender were standing still, but began to move immediately after. It was open to inference by the jury on this evidence that deceased was in the act of *crossing* the track and was not getting on it for the purpose of proceeding along its course, when he fell; and if so he was not a trespasser.—*Glass v. Memphis & Charleston R. R. Co., supra.* But though he was not a trespasser, he might well have been guilty of such contributory negligence in attempting to cross the track in front of the moving tender, if it was moving, or so near to it, conceding it to have been stationary, as that there was danger of its being put in motion and striking him before he could effect the crossing, as would be a complete defense to the action. And whether he was guilty of negligence thus proximately contributing to the result complained of was manifestly a question for the jury and was properly submitted to their determination in the charges given.

The judgment of the Circuit Court is affirmed.