## May *et al.* v. Alabama National Bank.

*Action on a Bond.*

1. *Liability of surety on a bond.*—A bond, so far as the liability of a surety thereon is concerned, must be strictly construed according to the letter of the undertaking; and a surety, though bound equally with the principal, is liable only to the extent of the liability incurred by him as expressed, or necessarily included, in the words used in the bond.

2. *Same; what constitutes breach of bond.*—A bond to a bank reciting as its consideration that the bank was willing to turn over certain goods to the principal on his indemnifying it against loss by reason thereof, "and to hold said bank harmless against any liability by reason of certain garnishments that have been served on said bank, touching the possession and delivery of said goods," and was conditioned, that if the principal "shall hold said bank harmless as above stated, and pay any sum or sums for which judgment may be rendered against said bank growing out of turning over said goods to"

[May *et al.* v. Alabama National Bank.]

the principal, "and growing out of said garnishments as above stated, with regard to its possession of said goods, and relinquishing said possession, then this obligation to be void," &c.   *Held:*   Attorney's fees and other expenses incurred by said bank, in defending a contest of its answers as garnishee in the garnishment proceedings referred to, are not within the letter, or a fair interpretation of the language of the bond, and a failure of the principals to pay such fees and expenses does not make the sureties liable therefor.

APPEAL from the Circuit Court of Jefferson.

Tried before the Hon. JAMES J. BANKS.

This was a suit by the appellee, the Alabama National Bank, upon a bond given by John A. Gauger & Co., as principals, and L. A. May and C. E. Thomas as sureties. All three of the obligors on said bond were originally made parties defendant to said suit, but the suit was afterwards dismissed as to John A. Gauger & Co., because not served. The consideration and the condition of said bond are copied in the opinion.

The plaintiff claimed $100 due by defendants for the breach of said bond; and the complaint, after setting forth the bond, contained the following averments: "Plaintiff avers that a claim was instituted for the property described in said bond by the Chattanooga Door & Sash Company in the circuit court of Jefferson county, against said Bank for said property. That said claim was in the nature of the contest of the answer of the Bank as garnishee in the suit of Chattanooga Door & Sash Company vs. Samuel Ullman. That the court rendered a judgment against the Bank upon the contest of its answer for the value of the goods above described; that the said Bank appealed said case to the Supreme Court of the State of Alabama, where the judgment of the circuit court was reversed, and incurred, by reason of the delivery of the goods as mentioned in the bond, attorneys' fees and expenses to the extent of $100, and plaintiff avers that said attorneys' fees and expenses were reasonable; that there has been a breach of the condition of said bond in this, that the said John A. Gauger has not held the said Bank harmless as provided in said bond, and has not paid the Bank the cost and expenses incurred by it, arising out of the delivery of said goods described in said bond, to the damage of the plaintiff $100." The defendants demurred to this complaint upon the following grounds: 1. Because

said complaint does not allege that said bond upon which this suit is based provided for the payment of any attorneys fees incurred in defending any suit or suits growing out of said transaction. 2. Because said complaint does not show a cause of action against these defendants. 3. Because said complaint does not allege that there is now or was at the beginning of this suit any valid judgments against said plaintiff, the Alabama National Bank, growing out of said garnishments with regard to the possession of said goods and relinquishing said possession. 4. Because the complaint shows by the copy of the bond sued on, which is attached and made a part of the complaint, that there is no liability on the part of these defendants for attorney's fees. And further, because the bond sued on shows no liability on the part of these defendants for either attorney's fees or other expenses.

This demurrer was overruled, and judgment was rendered in favor of the plaintiff for $104.66. From this judgment the defendants appeal and assign as error the overruling of their demurrer to the plaintiff's complaint.

W. T. HILL, for appellant.—1. If, as plaintiff contends, the sureties on said bond undertook the further liability by said bond to pay attorneys' fees and expenses of the garnishment case then pending against the bank, such an intention would have to be clearly expressed in the bond and appellants contend that no such intention is expressed in said bond. Such an intention could not even be raised by implication. The appellants, May and Thomas, are sureties on said bond and are entitled to a strict construction, according to the letter of the bond.—*City Council of Montgomery v. Hughes*, 65 Ala. 201.

MOUNTJOY & TOMLINSON, *contra.*—1. On demurrer, the court cannot consider any objection other than the one specified, so that if the pleading is not subject to that objection, the demurrer must be overruled, and if a party demurs for any wrong reason, he waives all other grounds, however insufficient the pleadings may be in other respects.—*Turner Coal Co. v. Glover*, 101 Ala. 289; *Lakeside Land Co. v. Dromgoole*, 89 Ala. 507; *Eads v.*

[May *et al.* v. Alabama National Bank.]

*Murphy*, 52 Ala. 524; *Sledge v. Swift*, 53 Ala. 114. Where a bond is given to indemnify a person by reason of his suretyship on another bond, the obligor is liable for attorney's fees paid by the obligee in defending an action on the bond on which he is a surety.—*McKenzie v. Underwood*, 21 D. C. 126.

2. In suits on attachment bonds, where, the condition is that the plaintiff in the attachment suit will prosecute said attachment with effect and pay defendant all such damages as he may sustain by reason of the wrongful or vexatious suing out of the attachment, the defendant in attachment may recover necessary and reasonable attorneys' fees incurred in defending the attachment suit, whether the attachment was merely wrongful or wrongful and malicious.—*Flournoy v. Lyon*, 70 Ala. 308; *Seay v. Greenwood*, 21 Ala. 491; *Marshall v. Betner*, 17 Ala. 832. In action on attachment bond, the defendant in attachment may recover reasonable and necessary counsel fees in prosecuting or defending an appeal from the judgment rendered in the attachment suit in the Supreme Court.—*Dothard v. Sheid*, 69 Ala. 135. On the bond of indemnity appellee may recover costs of defending action on liability against which the indemnity bond was given to save him harmless.—Woods Mayne on Damages, Edition 1880, pp. 126 and 127, § 92.

PER CURIAM.—The demurrer to the complaint should have been sustained. The bond sued on was a common law and not a statutory obligation. It is a familiar principle that a surety, though bound equally with the principal, stands in a purely voluntary and gratuitous relation, and that the extent of the liability incurred by him is that expressed, or necessarily included in the words used in the contract or obligation. To the extent, and in the manner stated in the contract, he is bound and no further. It must be strictly construed according to the letter of the undertaking.—*City Council of Montgomery v. Hughes*, 65 Ala. 204; *Anderson v. Bellinger*, 87 Ala. 336; *Crescent Brewery Co. v. Handley*, 90 Ala. 486.

The consideration of the bond sued on as expressed in its recitals was, that the bank was willing to turn over certain goods to Gauger & Co. "upon their indemnifying

said Alabama National Bank against any loss by reason of the turning over of said goods, and to hold the said bank harmless against any liability by reason of certain garnishments that have been served on said bank, touching the possession and delivery of said goods;'' and its condition, in conformity to its recited consideration was, that "if the said John A. Gauger & Co. shall hold said bank harmless as above stated, and pay any sum or sums for which judgment may be rendered against said bank growing out of the turning over of said goods to John A. Gauger & Co., and growing out of the said garnishments as above stated with regard to its possession of said goods and relinquishing said possession, then this obligation to be void,'' &c.

In the alleged breach of the condition of the bond on which a claim of damages is predicated, it is not averred that any judgment was ever rendered against the bank, or any liability enforced against it by any party or parties by reason of or growing out of the turning over of said goods to said Gauger & Co. So far as appears, the bank remains harmless on this account, and the garnishments referred to have never been made effectual against it. On the other hand the recitals of the bond are to the effect, that in the proceeding against the bank, on a contest of its answer, the bank prevailed. It is claimed, however, as a breach of the condition of said bond, that the bank, pursued by one of its garnishors, ''incurred, by reason of the delivery of the goods as mentioned in the bond, attorney's fees and expenses to the extent of one hundred dollars.''

The attorney's fee and other costs are not within the letter of the bond, and cannot by any fair interpretation of its language be included therein. If the bank had desired to be protected against such damages it should have been so stipulated in the bond. According to its answer, the bank had no interest in the goods. Their turning them over to Gauger & Co., pending the garnishment suit, was for the latter's benefit, and they were the parties really interested. Admitting that they were liable to the bank in some appropriate form of action, for expenses of that litigation, incurred by the bank in their behalf, it would not follow that the sureties in this bond are liable without provisions in the bond to make them

[Baldwin v. Kansas City, Memphis & Birmingham Railroad Co.]

so. As it is, they are mere strangers to any such liability.

The analogy between statutory indemnifying and attachment bonds, and a bond of the character of that sued on fails, since the conditions of such bonds are entirely different from the condition of this bond.

Reversed and remanded.

HARALSON, J., not sitting.