## Glass *v.* Meyer, Son & Co.

*Action on Promissory Notes.*

1. *Plea or replication not tested by demurrer cannot be noticed by court except to try issue on it.*—Where the sufficiency of a plea or replication is not tested by demurrer, the court has nothing to do with it; parties have the right to try their causes on such issues as they choose; and if the cause is tried upon an insufficient or immaterial plea or replication, without objection being first taken by demurrer, the judgment of the court must be pronounced in accordance with the result of the issues.

2. *Replication; plaintiff entitled to judgment on when proven after issue taken on, without regard to other defenses.*—Under the Code of 1886, § 2346, two things were essential to bind a married woman—a written contract by her, and the written assent or concurrence of her husband; so that where the husband signed his wife's name to two notes for the purchase of a stock of goods, he having no written authority from her to make the purchase or to sign her name to notes for the purchase money; and the plaintiff by replication set up these facts, in reply to a plea of the defendant to the effect that the notes sued on were the notes of his wife which he signed as her agent, disclosing at the time to the plaintiff the name of his principal and averring that she alone was liable thereon, and the defendant took issue on this replication and it was fully proven the plaintiff was entitled to the affirmative

charge without reference to the issue on another replication on which the plaintiff may not have been entitled to such charge.

3. *Errors when not available.*—Where the plaintiff is entitled to the affirmative charge on issue joined on a replication, errors committed in the admission and rejection of evidence under another replication not connected with the first can avail the defendant nothing.

4. *New trial; refusal of not considered when errors on not assigned.*—The refusal to grant a new trial cannot be considered in the appellate court when the motion therefor is not assigned as error.

APPEAL from Perry Circuit Court.

Tried before Hon. JOHN MOORE.

Mayer, Son & Co. sued E. R. Glass. The opinion sufficiently states the facts.

J. W. BUSH, for appellant.—General charge should not have been given.—*Anderson v. Timberlake*, 22 So. Rep. 431.

J. H. STEWART, *contra.*—Glass had no authority to bind his wife, not having it in writing.—*Strauss v. Glass*, 18 So. Rep. 528; *Scott v. Cotton*, 91 Ala. 623. And he therefore became personally bound by signing the notice.—*Lazarus v. Shearer*, 2 Ala. 718; Story on Agency, § 264; *Hall v. Cockrill*, 28 Ala. 507; *Belisle v. Clark, Hurt & Co.*, 49 Ala. 98; *Bell v. Teague*, 85 Ala. 211; *Dexter v. Ohlander*, 93 Ala. 441; *Liddell v. Miller*, 86 Ala. 344.

TYSON, J.—This action was instituted by the plaintiffs as transferees and holders of two promissory notes, negotiable and payable at the Planters & Merchants Bank of Uniontown, Alabama, for value before maturity. The complaint contained two counts declaring upon each of the notes sued upon and alleged in legal effect what we have said above.

To the complaint, the defendant filed two pleas. A demurrer was sustained to the plea first filed by him. Plea No. 2 as amended was in substance as follows: That on the 1st day of January, 1892, one Pullen, the

payee in the note sued upon, sold to Emma Glass, a stock of merchandise, which sale was evidenced by a contract in writing executed by Pullen and Emma Glass. And the defendant as part of the consideration to be paid for said goods, signed the name of Emma Glass to the notes sued upon as her agent disclosing to Pullen the name of his principal, and averring that she alone is liable on said notes. This plea was sworn to.

The plaintiffs filed three replications to this plea. 1st, "And the said plaintiff replies to and takes issue on the plea of defendant numbered 2 this day amended and again filed." 2nd. "And for further replication to said plea the plaintiffs say that when the said notes sued on were executed the said Emma Glass in said plea named was a married woman, the wife of said defendant, and the said defendant had no lawful authority to sign the name of said wife to said notes sued on." The third replication averred the sale of the stock of merchandise by Pullen to the defendant, under the name of E. Glass, the execution of the notes by him and denied that defendant disclosed to Pullen at any time that he was acting as agent for his wife Emma Glass.

We have set out with particularity the plea and the replications thereto in order that it may be clearly understood what the issues in the cause were when tried in the circuit court.

The testimony offered by the defendant tended to support the averments of his plea and upon issue raised by plaintiffs' first replication, which was no more than taking issue upon the plea, it became a question of fact for the determination of the jury.

The second replication of the plaintiffs upon which issue was joined by the defendant raised two issues of fact. The first was whether or not Emma Glass was a married woman, the wife of the defendant; the second was whether or not defendant had authority to sign her name to the notes so as to legally bind her. The sufficiency of the plea or of this replication was not tested by demurrer. With their sufficiency the circuit court had nothing to do, and neither have we. Parties have the right to try their causes upon such issues as they choose. And if the cause is tried upon an insufficient or

immaterial plea or replication, without objection being first taken by demurrer, the judgment of the court must be pronounced in accordance with the result of the issues.—*Mudge v. Treat*, 57 Ala. 1; *Brock v. L. & N. R. R. Co.*, 26 So. Rep. 335; *Masterson v. Gibson*, 56 Ala. 56; *Watson v. Brazeal*, 7 Ala. 451.

The evidence establishes without dispute that the defendant was the husband of Emma Glass and that he had no written authority from her to make the purchase of the stock of goods for her or to sign her name to the notes. Under the Code of 1886, section 2346, which was the law at the time of the execution of these notes, two things were essential to bind a married woman—a written contract by her and the written assent or concurrence of her husband. She was incapable to confer authority, resting in parol, upon her husband to make or sign a contract in her name.—*Strauss, Pritz & Co. v. Glass*, 108 Ala. 546; *Scott v. Cotten*, 91 Ala. 623. This proof unqualified established the truth of the replication and entitled the plaintiffs to have the court to instruct the jury affirmatively to find a verdict for them upon the issue thus made up, without reference to the issue on the other replications on which the plaintiffs may not have been entitled to such charge.—*Taylor v. Smith*, 104 Ala. 537.

Most of the testimony introduced upon the trial related to the issue growing out of the third replication to the plea. Upon this phase of the case, several exceptions were reserved by the defendant to the rulings of the court in the admission and exclusion of evidence, but they can avail the defendant nothing since the evidence excluded or admitted did not tend to disprove or refute the allegations of the second replication, or conflict in the remotest degree with the undisputed proof that Emma Glass was a married woman and that the defendant, her husband, had no written authority to execute the notes for her.—*Seymour v. Farquhar*, 93 Ala. 292; *Tuscaloosa Cotton Seed Oil Co. v. Perry*, 85 Ala. 158; *Pritchett v. Pollock & Co.*, 82 Ala. 169, and authorities there cited.

It appears from the record that the defendant made a motion to set aside the verdict of the jury and grant

him a new trial upon the ground, 1st, "the verdict was contrary to the law;" 2nd, "the verdict was contrary to the law and the evidence," and 3rd, "the court erred in giving the general charge in favor of the plaintiffs," which was refused by the court. The refusal to grant this motion is not assigned as error and we cannot consider it.—*McNeill v. Kyle & Co.,* 86 Ala. 338; *Tuscaloosa Cotton Seed Oil Co. v. Perry, supra.*

The judgment of the court below is affirmed.