# Hill *v.* McBryde.

*Action to recover for Breach of Contract.*

1. *Pleading and practice; when judgment will not be reversed on appeal for errors committed on ruling of trial court.*—Where in an action for the breach of a contract, the plaintiff appeals from a judgment assessing nominal damages, and it is shown by the evidence introduced on the trial that the defendant was entitled to the general affirmative charge upon the issues presented, errors committed by the court in special rulings will not work a reversal of such judgment; since in such a case the errors are without injury to appellant.

APPEAL from the Circuit Court of Jackson.

Tried before the Hon. JAMES A. BILBRO.

This action was brought by the appellant against the appellee. The facts of the case necessary to an understanding of the decision on the present appeal are sufficiently stated in the opinion.

There were verdict and judgment for the plaintiff, assessing his damages at one dollar. From this judgment the plaintiff appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

T. A. BOSTICK, for appellant.

[Hill v. McBryde.]

JOHN B. TALLY, *contra.*

TYSON, J.—This action was brought by the plaintiff against the defendant for the breach of an agreement in which the defendant promised to pay the plaintiff two hundred and twenty-five dollars for services to be rendered by him in floating certain timber owned by the plaintiff from a certain point on Hurricane creek to Paint Rock Station, a point on Paint Rock river. The only breach of the contract as alleged is in these words: "That the plaintiff had placed said timber in said Hurricane creek and before he had an opportunity to float said timber, the defendant removed said timber from said Hurricane creek and thereby placed it beyond the power of the plaintiff to perform his part of the contract."

The defendant filed four pleas. Plea one denies the allegations of the complaint. Plea two denies that plaintiff placed the timber in Hurricane creek. The other two deny that the timber was removed before plaintiff had opportunity to float it and the plaintiff's readiness to perform the contract.

It was an admitted fact in the evidence that only a portion of the timber, about one-half of it, was placed by the plaintiff in Hurricane creek. The plaintiff has not only failed to prove the breach of the contract as alleged, but the averments of the defendant's plea No. 2 were proven beyond adverse inference. On this state of the pleadings and proof, the defendant being entitled to the general affirmative charge, any errors committed by the court in special rulings are not ground of reversal at the instance of the party appealing, since they could not have injured him.—*Glass v. Mayer,* 124 Ala. 332, and authorities therein cited.

Affirmed.