# Latham, *et al. v.* Boyles.

### *Contest of Will.*

(Decided Dec. 16, 1909. 50 South. 1001.)

*Appeal and Error; Harmless Error.*—Where a will is contested on the grounds of want of testamentary capacity and undue influence, and the evidence shows without conflict sufficient testamentary capacity, and there being no sufficient evidence of any undue influence, the proponent was entitled to the affirmative charge, and any errors that may have intervened were harmless to contestant.

APPEAL from Baldwin Probate Court.

Heard before Hon. J. H. H. SMITH.

Virginia Boyles propounded the will of Mattie A. English for probate. Contest was instituted by Ella B. Latham and another on the grounds of insufficient testamentary capacity and undue influence. There was judgment admitting the will to probate, and contestants appeal. Affirmed.

JOHN E. MITCHELL, for appellant.—Counsel discuss the ruling on pleading and ruling on charges and cites authorities in support of his contentions, but in view of the decision, it is not deemed necessary to set them out.

LESLIE HALL, and CHARLES HALL, for appellee.—There was no conflict in the evidence as to the testamentary capacity, and no sufficient evidence of undue influence, and hence, proponent is entitled to the affirmative charge, and any error which might have intervened otherwise, is harmless.—*Cash v. Southern Ex. Co.,* 133 Ala. 273.

[Latham, et al. v. Boyles.]

SIMPSON, J.—The appellee, Virginia Boyles, propounded for probate the will of Mattie A. English, and a contest was filed by the appellants, on the grounds that, first, it was not duly executed; second, that testatrix did not have sufficient mental capacity; and, third, that testatrix was under the domination and control of Virginia Boyles, Mayne Belt, and Dr. Coughlin, and that the will is the result of undue influence, exercised by said parties or one or more of them.

The evidence shows, without conflict, that the will was properly executed and that the testatrix had sufficient mental capacity to execute it. There is no evidence tending to show such undue influence as to invalidate the will.—*Eastis v. Montgomery*, 95 Ala. 486, 491, 494, 495, 11 South. 204, 36 Am. St. Rep. 227; *Schieffelin v. Schieffelin*, 127 Ala. 16, 25, 37, 28 South. 687. Such being the state of the evidence, the proponent was entitled to the general charge in favor of the validity of the will, and any errors that the court may have committed were without injury to the contestants.— *L. & N. R. R. Co. v. Johnson*, 128 Ala. 635, 30 South. 580; *Hill v. McBryde*, 125 Ala. 542, 28 South. 85; *Glass v. Meyer, Son & Co.*, 124 Ala. 332, 26 South. 890; *Griffin v. Bass Foundry & Machine Co.*, 135 Ala. 490, 33 South. 177; *Cash v. So. Express Co.*, 133 Ala. 273, 31 South. 936; *McLaren v. Alabama Midland Ry. Co.*, 100 Ala. 506, 14 South. 405.

The judgment of the court is affirmed.

Affirmed.

DOWDELL, C. J., and McCLELLAN and MAYFIELD, JJ., concur.