140 So. 771

## SOUTHERN RY. CO. v. ALSPAUGH.

### 8 Div. 506.

Court of Appeals of Alabama.

March 29, 1932.

A. H. Carmichael, of Tuscumbia, and J. K. Thompson, of Scottsboro, for appellant.

Milo Moody, of Scottsboro, for appellee.

### RICE, J.

Suit by appellee against appellant claiming damages on account of the negligence of appellant's agent in selling, etc., to appellee, at Scottsboro, Ala., a "round trip" ticket from Chattanooga, Tenn., to St. Louis, Mo.

It appears without dispute that appellee, desiring to visit a town in Missouri, went to the duly authorized agent of appellant, at Scottsboro, where appellee lived, and paid said agent for said "round trip" ticket above; that the said ticket was deficiently made out, so that when appellee offered herself as a passenger, on the return portion of said ticket, to appellant's connecting carrier at St. Louis, she having made, without mishap, the "going" part of said visit to Missouri, she was rejected temporarily, and caused to "lay over" in St. Louis for some twenty-four hours. The negligence of appellant's agent, in selling said imperfect ticket to appellee, etc., is not denied.

The demurrers to appellee's complaint are not insisted upon.

Appellant filed several pleas to which no demurrers were interposed, and, as best we can get at it, chief insistence here by it is based upon the claim of prejudicial error on the part of the trial court in refusing to give at appellant's request the general affirmative charge, duly requested, in its favor, as for that because several of these pleas were proven without dispute.

But we are not persuaded.

If there was error in the regard mentioned, we are of the opinion that under the holding of the Supreme Court in the case of Masterson v. Gibson, 56 Ala. 56, and, under the provision of Supreme Court rule 45, no reversal of the judgment appealed from ought to be ordered on that account.

Appellant, according to the undisputed testimony, was shown to have been, through its agent, guilty of the negligence charged. It ought to be required to pay.

But the whole evidence shows that the only damage suffered by appellee was the inconvenience of being detained in St. Louis, with no serious discomfort, on her return trip, for approximately twenty-four hours. She was put to no extra expense; lost no valuable time, i. e., in the sense that she would otherwise have been paid for same; and, so far as appears, suffered no ill after effects from her experience.

We are of the opinion that the sum of $100 would be ample compensation for her injury.

The question of the excessiveness, vel non, of the damages awarded is properly presented to us.

Under the authority of the provisions of Code 1923, § 6150, no other error of a reversible nature being shown, it is here ordered and adjudged by this court that this cause be reversed and remanded, unless the appellee file in this court a remittitur of the amount of the judgment recovered in excess of the sum of $100; such remittitur to be filed within 30 days. The clerk of this court will notify the appellee of this ruling.

It is further ordered and adjudged that, if said remittitur is duly filed by appellee, the judgment of the lower court for $100 is in all things affirmed. Gulf States Steel Co. v. Comstock et al., 17 Ala. App. 430, 85 So. 305.

Affirmed conditionally.

### On Entry of Final Judgment.

### PER CURIAM.

The appellee having here filed a remittitur of $300 of the sum recovered by the judgment of the trial court in pursuance to the former order of this court, thus reducing the amount of recovery to the sum of $100 as therein required, the judgment for that amount is hereby affirmed.

Affirmed.